JOHN SEXTON *v.* SAMUEL FLEET, AND CATHARINE FLEET HIS WIFE.

In an action brought to reach the separate estate of a married woman, the complaint alleged the making of a promissory note by the husband, the guaranty thereof by the wife, the protest of the note, and notice thereof to her. Also that, at the making of the guaranty, she possessed a separate estate; that the note was given by the husband in payment for services rendered thereto in the erection of a building, &c.; that the guaranty was accepted on the credit of such estate, and that the note thus guaranteed had been duly indorsed to the plaintiff. *Held*, bad on demurrer.

A married woman cannot contract by guaranty, and as the only cause of action alleged against her was upon such a contract, and not upon any equitable obligation or demand, the payment of which would be enforced out of her separate estate, the complaint therefore was defective.

A chose in action may be transferred by parol as well as by writing, and a blank

indorsement upon a written instrument, not a promissory note, is sufficient to pass all interest in it.

Per BRADY, J.—In an action against a married woman, her separate property may be reached by judgment and execution in the ordinary form, and in the same manner as if she were a *feme sole*.

APPEAL from a judgment in favor of the defendants upon a demurrer to the complaint.

The case at special term was heard by Judge DALY, who sustained the demurrer in the following opinion:

DALY, First Judge.—The complaint is defective. It alleges that the defendant Catharine Fleet was, and still is, possessed of certain property and real estate in her own right, and as her separate estate and property, and prays that the debt, for the recovery of which the action is brought, may be decreed and declared a charge upon her property and separate estate; that the plaintiff may be paid the amount of his debt out of the same, together with his costs, and that a receiver may be appointed for that purpose; and that her separate property may be sold under the direction of the court, and the plaintiff paid out of the proceeds of the sale.

To enable the court to give the equitable relief asked for, the complaint should set forth the property upon which the debt is to be declared a charge, and which is to be applied in payment of it. In actions of this description, the court can make no personal decree against the wife. *Rogers* v. *Ludlow*, 3 Sandf. C. R. 109; *Cobine* v. *St. John*, 12 How. P. R. 333; 2 Story's Eq. Jur. 629, §§ 1397–1400. The proceeding is *in rem*, (*Ashton* v. *Aylett*, 2 Mylne & C. 111), the object being to reach her separate estate, which she may be presumed to have charged by appointment with the payment of the debt, (*Vanderheyden* v. *Mallory*, 1 Comst. 452), or at least so much of it as will be sufficient to satisfy the plaintiff's claim. "As creditors," says Lord COTTEN-HAM, in *Owens* v. *Dickenson*, (1 Craig & Ph. 48), "have not the means, at law, of compelling payment of such debts, a court of equity takes upon itself to give effect to them—not as personal

liabilities, but by laying hold of the separate property—as the only means by which they can be satisfied."

The property, therefore, which the creditor proposes to reach in equity, must be stated, and the nature of the wife's interest in it, that the court may frame its decree in such a manner as to secure the equitable debt with as little injury to the separate estate as possible. Thus, if payments are coming due to the wife out of a particular fund, the court will decree that the payments be applied to the satisfaction of the debt, if they are sufficient for that purpose, without impairing the fund, as was the case in *Stuart* v. *Rockwell*, (3 Madd. 387), and *North American Coal Company* v. *Dyett*, (7 Paige, 9); or, if she have real estate, they will direct that the rents and profits be applied, as was done in *Bulpin* v. *Clark*, 17 Ves. 365.

Wherever this equitable relief has been granted to a creditor, he has set forth in his bill or complaint the particular property out of which he has asked to have the debt satisfied; (*Vanderheyden* v. *Mallory*, 3 Barb. C. R. 9; *North American Coal Company* v. *Dyett*, 20 Wend. 570; and see all the cases collected in the English and American notes to *Hulme* v. *Tenant*, 1 White's Leading Eq. Cas. (65 Law Library,) 394; see also Macquean on Husband and Wife, 294; 1 Daniel's Ch. Pr. 205); and where bills have been filed to enforce a charge upon a wife's property, merely averring that she has a separate estate, without stating its character, nature or kind, they have been dismissed. In *Francis* v. *Wiggatt* (1 Madd. 258,) the bill was filed to compel the defendant and his wife to purchase an estate, setting forth that the wife had separate moneys and property of her own to a larger amount than the purchase money; but it was dismissed because it did not state the nature of the property, whether real or personal, or what power she had over it, or whether it could be made available to answer the plaintiff's demand; and in *Aylett* v. *Ashton*, (1 Mylne & C. 105), the bill was to compel a married woman to execute a lease, but the bill was dismissed because it did not sufficiently appear what interest she had in the premises she had agreed to lease.

The power to compel the application of the separate property to the payment of this debt being exclusively in equity, the decree must specify out of what property it is to be paid. If the defendants, therefore, should suffer this case to go by default, we could give the plaintiff no relief, as he has not pointed out in his complaint any fund, or any particular property, which the court, by its decree, could direct to be applied.

The demurrer of the defendant is well taken, as the complaint does not disclose a case entitling the plaintiff to any equitable relief, or rather upon which the court could give any equitable relief.

The plaintiff appealed. The pleadings are given substantially in the opinion of Judge HILTON.

*Henry P. Townsend*, for the appellant.

*John Moody* for the respondent.

HILTON, J.—The complaint alleges that the defendant, Samuel Fleet, made a certain promissory note for $150, payable to the order of Patrick McHill, thirty days after date. That after the note had been delivered to McHill, the defendant, Catharine Fleet, in consideration of one dollar, guaranteed its payment, and held her separate estate liable therefor. That the guaranty was written on the back of the note, and, as thus indorsed and guaranteed, the note was delivered to McHill, who indorsed and delivered it to James McMullins, and McMullins afterwards indorsed it to the plaintiff, the present holder and owner of it. That at the time of making the note and guaranty, the defendant Catharine was, and still is, possessed of property and real estate in her own right, and that the note was given by the dedefendant Samuel, in payment for services rendered in the erection of buildings on premises owned by Catharine as her separate property, and the guaranty was accepted on the credit of her separate estate, and "the further consideration therefor was for services performed upon her said property.",

The separate property is not stated. The plaintiff asks that the amount of the note and costs of protest may be declared a charge upon the separate estate of Catharine, and that such estate may be sold and the plaintiff paid out of it.

The defendants demur upon two grounds: 1st. That the defendant Catharine is improperly joined as a party defendant. 2d. That the complaint does not state facts sufficient to constitute a cause of action against her separate property.

The complaint shows a cause of action against the defendant Samuel, as maker of the note, and does not *allege* any valid cause of action against the defendant Catharine. Yet a judgment is only demanded against her separate estate. If the defendants had answered, instead of interposing a demurrer, there cannot be much doubt that the court could give judgment against Samuel, as maker of the note, notwithstanding the absence of any demand for relief against him. Code, § 275. And if, as the plaintiff seems to suppose, the action is only to enforce the obligation of Catharine, entered into upon the credit of her separate estate, then, by the defendant's answering, the action would require different places of trial. As against Samuel, it would have to be tried by a jury, unless a jury trial should be waived. Code, § 253. And against Catharine, it would be tried by the court. § 254. Although a party may unite in his complaint several causes of action, of a character both legal and equitable, yet they must affect all the parties to the action, and not require different places of trial. Code, § 167.

As the defendant Catharine is not a necessary or proper party to an action against her husband upon his promissory note, nor does such a cause of action affect her, it is quite clear that the first ground of demurrer is well founded.

And it seems to me that the second ground must also be sustained.

It is not alleged that McHill performed services at the request of Catharine, for the benefit of her separate estate, and that the claim therefor has been assigned to and vested in the plaintiff as the real party in interest, (Code, § 111); but the cause of ac-

tion stated against her is, that she made a certain guaranty for a certain consideration, and which guaranty was accepted on the credit of her separate property. That this guaranty has been indorsed to the plaintiff, and he asks to have it declared a charge upon and paid out of her property.

The answer to all this is, that a married woman cannot make such a contract, (Reeves' Dom. Rel. 98), so as to bind herself; and although the plaintiff may be entitled to be considered in equity as the assignee of an obligation, or demand for services rendered, the payment of which will be enforced out of the separate estate of the defendant Catharine, (*Heath* v. *Hall*, 4 Taunton, 326; Willard's Eq. Juris. 462), yet he has not alleged, in his complaint, the facts which really constitute his cause of action against her, as a substantive ground for the relief he demands.

Without expressing any opinion upon the other points discussed in the opinions of my brethren, I agree in their conclusion that the judgment appealed from should be affirmed.

BRADY, J.—On precedent and authority the judgment given by Judge DALY in this action cannot be assailed; but whether the separate estate of a married woman—under the Code, and since the statutes of 1848 and 1849 in relation to married woman—can be sold without resorting to the mode of proceeding against *feme coverts*, which prevailed in the late Court of Chancery, is a question which has not yet been decided in the court of last resort. I have already expressed an opinion on the subject, (*Walker* v. *Swayzee*, 3 Abb. Pr. Rep. 136), and have not changed the views then entertained. In this case it appears that the note guaranteed by the defendant Catharine, was drawn by Samuel, her husband, in payment for services performed towards the erection of certain buildings upon premises owned by her in her own right, and that the guaranty was also accepted on the credit of such separate estate. It also appears that she is still possessed of certain property in her own right, although the property is not described or particularly designated. If these allegations be true,

and such must be the presumption, the defendant Catharine has property which can be reached by execution, and there does not seem to be any well founded reason why any extraordinary measures should be resorted to, to secure the appropriation of that estate. The wife holds her separate property as if she were a *feme sole*, and the property of a *feme sole* is not exempt by law from the ordinary forms of procedure in courts of justice. When it appears that she has contracted a debt that can be enforced against her, enough is shown to demand the power of the courts, and considering her independent position in reference to her property, it is sufficient for the courts to protect her from obligations which do not affect or relate to her separate estate. There is, however, an insuperable objection to the plaintiff's recovery, and that is that the guaranty is void. *Van Steenburgh* v. *Hoffman*, 15 Barb. S. C. R. 28. A married woman has no power to bind herself by contract, and the transfer of the guaranty to the plaintiff carried with it no cause of action. If the debt or claim had been transferred to the plaintiff, there is no doubt that in a proper mode of proceeding he could enforce it; but the debt or claim was not transferred, and the plaintiff has no cause of action in his favor against the defendant Catharine.

DALY, First Judge.—The complaint avers that the note was made and given by the husband, in payment for services rendered by the payee, in the erection of buildings upon premises owned by the wife in her own right, as her separate estate and property, and that the wife, in consideration of one dollar, by an indorsement on the back of the note, guaranteed the payment of the note, and held her separate estate liable for the payment of the same. A *feme covert* may, by appointment, charge her separate estate with the payment of a debt. It is not even necessary that she should enter into a positive agreement, expressing her intention so to do; but the intention may be inferred from the kind of obligation she entered into, and the fact that she had a separate estate. 2 Story's Eq. Jur. 1398 to 1402. Thus, it may be inferred simply from her signing a bond, (*Hulme* v. *Tenant*,

1 Brown's Ch. R. 16; *Heatly* v. *Thomas*, 15 Ves. 596), or from her accepting a bill of exchange, (*Stewart* v. *Kirkwall*, 3 Mod. 387), or making a promissory note, (*Bulpin* v. *Clark*, 17 Ves. 365), for though such instruments, made by a married woman, are void at law, they are good contracts in equity, where she has a separate estate, and, *prima facie*, will be presumed to have been made with an intention to bind it. 2 Roper on Husband and Wife, 241, and note *a*; 2 Story's Eq. Jur. § 1400. Here it is averred, not only that the wife had a separate estate, that the note was for a debt arising from services beneficial to that estate, but that there was an express agreement, in writing, indorsed by her upon the note, charging her separate estate with the payment of the debt. There was, then,—even more than a court of equity requires,—an appointment by writing, charging her separate estate; and the delivery of this note by the husband and wife, with this appointment in writing by the wife indorsed upon it, to the payee, vested in him every right of action for the payment of the debt which a court of equity would enforce against the separate estate of the wife.

This written appointment indorsed upon the note was in the nature of a chose in action, which could be enforced against the separate estate of the wife, and the indorsement and delivery of the note which transferred to the indorsee a right of action at law against the husband as maker, carried with it and transferred also the appointment and charge upon her separate estate, written by the wife upon the back of it. *Accessorium non ducit sed sequitur suum principale.* "When a subject," says Lord KAMES, "is conveyed, every one of its accessories are understood to be conveyed with it, unless the contrary be expressed." 1 Kames' Principles of Equity, 240. When this note, therefore, was delivered, as it is averred to have been, by Mr. Hill, the payee, to Mullins, with the wife's engagement indorsed upon it, that delivery transferred to Mullins, and vested in him, every right, legal or equitable, which Mr. Hill had before such act of delivery against the defendant and his wife, growing out of their respective written engagements. The note could not pass by indorse-

ment and a delivery, without a delivery also of the wife's written appointment indorsed upon the back of it. The act that transferred the one, necessarily operated as a transfer and delivery of the other. It is averred that Mullins duly indorsed and delivered the same to the plaintiff, and that the plaintiff is now the lawful owner and holder.

This was a sufficient transfer. A debt or claim may pass by parol as well as by writing, and where it is founded upon any written obligation or instrument, anything between the contracting parties which indicates their intention to pass the beneficial interest in the instrument from one to the other, is sufficient. 2 Story's Eq. Jur. § 1047; Willard's Eq. Jur. 462; *Slaughter* v. *Faust*, 4 Blackf. 380; *Montgomery* v. *Dillingham*, 3 Smee. & M. 647. "If two men agree for the sale of a debt," says Sir JAMES MANSFIELD, in *Heath* v. *Hall*, (4 Taun. 327), "and one of them gives the other credit in his books for the price, it is a good assignment in equity, though a deed would not assign it at law." In *Hastings* v. *McKinley* (1 E. D. Smith, 273,) we held that an indorsement in blank upon an instrument not a promissory note was sufficient to pass the interest in it. The rule, as understood by us, was laid down by Judge WOODRUFF, that "there is no necessity of a written assignment where there is an actual transfer and delivery of the thing in action, with the intent to vest the interest in the transferee, so that the court can see that the whole equitable interest and property in the money agreed to be paid, is in the plaintiff;" and in *Clark* v. *Downing* (1 E. D. Smith, 406,) we held that the assignee of a debt might acquire the sole interest and right of action upon it by a mere gift, without any consideration whatever. The only restriction in a court of equity, upon such equitable assignments, was in refusing to interfere in the case of a mere nominal assignee. It was necessary that he should be the real party in interest; that the Code now requires in all actions arising out of contract, and the plaintiff has here averred that he is the real party in interest.

This is not an action upon the note against the husband. It is an equitable action brought to have the amount named in the

guaranty declared a charge upon the separate estate of the wife. The husband was a necessary party. He had to be joined in the action against the wife. The Code provides that, when the action concerns her separate property, she may sue alone, but does not declare that in an action concerning her separate property, she may be sued alone; on the contrary it provides that, where a married woman is a party, her husband must be joined with her except in two cases—where the action is between herself and her husband, and where she brings an action concerning her separate property. It was necessary in the complaint to aver the making of the note, to show the nature of the equitable charge that the wife had created upon her separate estate; and the fact that the making of the note is stated in the complaint, does not make it an action upon the note against the husband so as to require separate places of trial. No judgment for the amount of the note is asked against the husband, and where the plaintiff merely claims to have the amount declared a charge upon the separate estate of the wife, it is not for us to say that it is an action against the husband for the recovery of the amount of the note. The averment in the complaint is, that the note was given for services performed towards the erection of buildings upon premises owned by the wife; that she guaranteed the payment of it, and held her separate estate liable for the payment of the same. This is not the averment of any contract by the wife, but of facts which show that she has equitably charged her estate with the payment of a sum of money, the value of which has gone into her estate, and the benefit of which she enjoys. That she can so charge her separate estate, and that the court can enforce the payment of the charge out of her estate, has been abundantly shown by the authorities quoted above, and those cited in the opinion delivered upon the motion below.

Judgment affirmed.