There must be a new trial, with costs to abide the event.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Leonard* and *Barnard,* Justices.]

------◆------

## RUPP *vs.* BLANCHARD.

Although there may be an assignment of a chose in action by parol, yet, to constitute such an assignment, it must be shown that the owner surrendered all control over it, and had made an absolute appropriation of it.

Where a debtor agrees to assign to his creditor a claim which he has against another, in order to make it a valid assignment, the creditor must relinquish his claim against the debtor; otherwise the agreement will be without consideration, and cannot be construed into even an equitable assignment of the claim.

APPEAL from a judgment entered at a special term, on the report of a referee. The action was brought by the plaintiff as assignee of a claim of Lawson & Carll, against the defendant. The referee found the following facts: That on the fifth day of February, the plaintiff, Michael Rupp, held a judgment against Lawson & Carll for about the sum of two hundred and sixty dollars, which he was endeavoring

to collect. That on that day, Lawson & Carll alleged that
the defendant was indebted to them in an amount exceeding
the amount of said judgment, and they thereupon made a
verbal agreement with one of the attorneys of the plaintiff
that they, the said Lawson & Carll, would turn over and as-
sign to said plaintiff the amount of the indebtedness due Law-
son & Carll from the said defendant, to be applied, when
collected by the plaintiff, towards payment of said judgment
held by the plaintiff against Lawson & Carll. 'That at the
same time that such verbal agreement was made, Lawson
& Carll handed to, and the same was received by, said attor-
ney of the plaintiff, an account or bill of items of the indebt-
edness alleged by Lawson & Carll to be due them from the
defendant. That this bill of items bore date the twenty-
ninth day of January, 1858, and was made out against the
" ship *Grand Duchess* and owners," and was nowhere signed
or subscribed by Lawson & Carll or the defendant. That at
the time of the foregoing agreement being made, the defend-
ant was not present. That the plaintiff, at the time of such
agreement being made, parted with no value on account
thereof, nor relinquished any right upon the judgment he
held against Lawson & Carll. That subsequently to such
agreement for the transfer or assignment of said indebted-
ness, and on or about the ninth day of February, 1858, the
plaintiff caused the aforesaid bill of items of the alleged in-
debtedness from the defendant to Lawson & Carll to be pre-
sented to the defendant, and a demand of payment to be
made thereof. That the defendant promised to pay the said
indebtedness after making certain deductions therefrom. That
the defendant received no consideration for said promise to
pay. That at the time of making such promise, the defend-
ant was told that the bill of items then presented was the
property of the plaintiff. That no note or memorandum in
writing of such agreement to turn over or assign the debt of
the defendant to Lawson & Carll, was at any time made be-
tween said Lawson & Carll and the plaintiff. The referee

Rupp *v.* Blanchard.

found, as a conclusion of law, that the plaintiff was not the lawful owner and holder of said indebtedness, and that nothing is due to him from the defendant, and that the defendant was entitled to judgment against the plaintiff that the complaint be dismissed. Judgment of dismissal was accordingly entered, and the plaintiff appealed.

*B. F. Mudgett,* for the appellant.

*Beebe, Dean & Donohue,* for the defendant.

*By the Court,* CLERKE, P. J. Although there may be an assignment of a *chose in action* by parol, yet to constitute such an assignment, it must be shown that the owner surrendered all control over it, and had made an absolute appropriation of it. And where a debtor agrees to assign to his creditor a claim which he has against another, in order to make it a valid assignment, the creditor must relinquish his claim against the owner of the chose in action. Otherwise the agreement is without consideration, and cannot be construed even into an equitable assignment of the claim. In this case the referee expressly finds, as a matter of fact, that " at the time of such agreement being made, the plaintiff parted with no value on account thereof, nor relinquished any right upon the judgment he held against Lawson & Carll." We see no reason whatever to disturb this finding. The referee was, therefore, right in finding from this fact, as a matter of law, that the plaintiff was not the owner of the indebtedness against the defendant. It is unnecessary to consider the other questions.

Judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Leonard* and *Barnard,* Justices.]