## GOULD vs. ELLERY and others.

Where a guaranty of a promissory note is a separate instrument from the note, title to it will pass by delivery, with the note, for a good consideration. A written assignment is unnecessary.

The transfer of the note guarantied, and delivery with it of the guaranty, carries with it the title to the guaranty, without any written assignment.

ON the 28th February, 1861, the firm of T. S. Powell & Co. of New Orleans, made and delivered to the firm of Rushmore, Cone & Co. of New York, their note, dated on

that day, for $1784.61, payable to the order of the latter firm, eight months after date. Subsequently, on the 2d of March, 1861, the firm of Ellery, Wendt & Hoffbauer, the appellants, executed under seal, and delivered to said Rushmore, Cone & Co. a guaranty, of which a copy was set forth in the complaint, in these words :

"For and in consideration of one dollar to us in hand paid by Rushmore, Cone & Co. of the city of New York, the receipt whereof is hereby acknowledged, and of a credit given to T. S. Powell & Co. of New Orleans, La. We, Ellery, Wendt & Hoffbauer, of the city of New York, do hereby agree to guarantee the payment at maturity of a certain promissory note made by the said T. S. Powell & Co. of New Orleans, state of Louisiana, dated February 28th, 1861, and payable eight months after date to the order of Rushmore, Cone & Co. at the Bank of the Republic, New York, for the sum of seventeen hundred and eighty-four dollars and sixty one cents, and due October 31st, 1861, and it is hereby understood and agreed, that if the said T. S. Powell & Co. do not fully pay the same on or before the maturity date thereof, we waive notice of non-payment, hereby binding ourselves, our heirs and assigns, to pay the full amount of said note and interest, if any there be, within ten days after the due date thereof, without defalcation or discount.

In witness whereof we have hereunto set our hand and seal this second day of March, 1861.

(Signed)     ELLERY, WENDT & HOFFBAUER. [L. S.]"

The guaranty was entirely separate from the note. Before the maturity of the note, Rushmore, Cone & Co. indorsed the note, and delivered it, with other securities, to a witness, as security for an antecedent indebtedness, and, without any writing or other transfer, delivered the guaranty to the witness, with the note and other securities. After this the plaintiff paid the said indebtedness, and received the securities, with said guaranty. The action was tried before Mr. Justice JAMES, without a jury, who held that the

guaranty was transferable by delivery with the note,.and that the holder of the guaranty could maintain an action upon it. He therefore rendered a judgment in favor of the plaintiff. The defendants appealed.

*E. L. Fancher* for the appellants. I. The plaintiff did not produce, or put in evidence the note, to which the guaranty is collateral, nor show that it was unpaid, or that he was the holder of it. Without such evidence, the defendants' objection to the plaintiff's title to, and right to recover on the guaranty, was good ; for they were not liable on the guaranty, independent of the note.

II. The payment by the plaintiff of the debt of Rushmore, Cone & Co. to a third party, and the delivery to the plaintiff of the securities held by such third party, will not constitute the plaintiff such a holder of the guaranty as to authorize him to sue upon it. *Non constat,* the plaintiff was assignee of Rushmore, Cone & Co. or paid the debt from their funds, as their representative, or under some obligation to them to do it.

III. Both the testimony and the finding of the judge are, that the plaintiff "*paid the said debt and received the securities;*" not that they were transferred to him for a consideration. The plain inference from *the payment* of the debt is, that the plaintiff was *the representative* of Rushmore, Cone & Co. against whom the defendants have a valid counter-claim.

IV. The guaranty, in its terms, is not assignable; and being a *separate* instrument from the note, the remedy on it is confined to the original parties; and, like any other indemnity, is not transferable. (3 *Kent's Com.* 7th ed. 165. *Miller* v. *Gaston,* 2 *Hill,* 192. *Watson's Ex'rs* v. *McLaren,* 19 *Wend.* 557, 568. *S. C.* 26 *Wend.* 425. *Birckhead* v. *Brown,* 5 *Hill,* 634.) Chitty says (12*th ed. p.* 250,) "It is effectual only between the original parties to it, and not transferable at law, or in equity, or in bankruptcy."

Gould v. Ellery.

*By the Court,* INGRAHAM, J.   I think there can be no doubt that title to the guaranty would pass by delivery with the note, for a good consideration, and that a written assignment was unnecessary.   This has been held as to a bond and mortgage.   (*Runyan* v. *Mersereau,* 11 *John.* 534. *Prescott* v. *Hull,* 17 *id.* 284.)

It is also settled that the transfer of the original debt or claim, and delivery with it of the security, carried with it the title to the security, without any written assignment. (*Green* v. *Hart,* 1 *John.* 580.   *Langdon* v. *Buel,* 9 *Wend.* 80. *Parmelee* v. *Dann,* 23 *Barb.* 461.)

The evidence showed the transfer of the note and guaranty to the plaintiff.   The defendant did not in his answer allege any payment of the debt.   The presumption was that the note still remained unpaid.   No objection was made to the non-production of the note, on the trial, and the defendants cannot now raise it on appeal.

The evidence shows that the plaintiff paid the amount of the indebtedness, and the witness transferred to the plaintiff the note and guaranty.   This is not any payment of the debt of which the defendants could avail themselves without setting up the defense of payment in their answer.   It is evident these defenses were not relied on upon the trial.   The case was tried on the defense that the guaranty had not been transferred, or was not assignable.   On this question the ruling was proper, and the judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, February 2, 1863.   *Sutherland, Ingraham* and *Clerke,* Justices.]