DINTRUFF, appellant, v. CRITTENDEN *et al.*

*Partnership — note of partner for firm debt — transfer of original debt.*

A creditor of a firm took the note of one partner for the debt and afterward assigned the note, and, at the same time, verbally assigned the debt.

*Held,* that the assignment operated as an equitable transfer of the original claim, and that the assignee could maintain an action against the firm thereupon.

APPEAL from a judgment of the Ontario county court, and from an order denying a new trial. The facts sufficiently appear in the opinion.

*Wm. H. Adams* and *E. G. Lapham,* for appellant, cited *Richardson* v. *Mead,* 27 Barb. 178; 2 Story's Eq. Jur., § 1047; Willard's Eq. Jur. 462; *Heath* v. *Hall,* 4 Taunt. 326; *Tibbets* v. *George,* 5 Ad. & Ell. 293; *Briggs* v. *Dow,* 19 Johns. 95; *Saxton* v. *Fleet,* 2 Hilt. 477; *Hooker* v. *Eagle Bank,* 30 N. Y. 83; *Rupp* v. *Blanchard,* 34 Barb. 627; *Dickinson* v. *Phillips,* 1 id. 454; *Rose* v. *Baker,* 13 id. 230; *Battle* v. *Coit,* 26 N. Y. 404, 407.

*Metcalf & Field,* for respondent, cited *Battle* v. *Coit,* 26 N. Y. 404; *Bedell* v. *Carll,* 33 id. 581; *Rupp* v. *Blanchard,* 34 Barb. 627.

E. D. SMITH, J. The case of *Battle* v. *Coit,* 26 N. Y. 404, holds that the transfer of a promissory note does not transfer the debt or consideration for which such note was given. In this case, as in that, the note of one partner here, upon the facts assumed and offered to be proved at the trial in this case, was given for the debt of the firm. Such note was doubtless received and operated as conditional payment, and until it was dishonored and during the time it had to run, was to be treated as payment between the parties. But the other partner remained liable in equity as surety for such payment as one of the original debtors, and this liability, I should think, passed with the transfer of the note as a collateral obligation or liability within the case of *Bolen* v. *Crosby,* 49 N. Y. 187.

This is a strong case upon the point that the transfer of the obligation given for a debt passes all other liabilities for the collection

of such debt, and I think, in principle, overrules the case of *Battle* v. *Coit*.

In this case, one Weymouth was secretary of a mining company, and sued the company and recovered for his services a judgment for $3,765. He assigned this judgment to the plaintiff Bolen, who commenced the action to recover such judgment against the defendants, who were the trustees of such corporation, as liable by reason of their omission to file and publish the annual report.

Judge ALLEN, in the opinion of the court, said: "The assignment of the judgment carried with it the claim and debt upon which it was founded, and all claims against others as collateral or incidental to it. * * * The assignment of the judgment necessarily carries the debt, they are inseparable."

But in this case I think the proof clearly warranted the recovery by the plaintiff for the value of the consideration for which the note was given from both partners, upon the basis of an equitable assignment of the debt to the plaintiff. The note was past due and was given by an insolvent member of the partnership for the debt of the partnership, the creditor being ignorant of the partnership when he took the note. The plaintiff received from his father, the original creditor, after the dishonor of the note, an explicit parol surrender of all control or a transfer of all right to enforce the original debt within *Rupp* v. *Blanchard*, 34 Barb. 627. He told him expressly that he sold him the account as well as the note. He told the plaintiff the account was his, and that he could do what he wanted with it.

This was a clear equitable assignment or transfer, if any was needed, of the original consideration for which the note was given, and authorized the plaintiff to sue upon the original indebtedness in the same manner and to the same effect as his father might have done originally, or if he had taken back the note on the surrender of the said note at the trial.

In *Battle* v. *Coit*, it was admitted that Battle, after he had taken up the drafts in suit as indorser, could immediately have sued the defendants on the original consideration.

The judgment should be reversed and a new trial directed in the county court.                                                   *So ordered.*