## New York Marine Court.

*General Term—May,* 1880.

CHARLES G. WEBBER, Plaintiff and Appellant, *against* CHARLES H. TRUAX, as Assignee, &c.

The making of a general assignment by failing debtors for the benefit of their creditors does not make void an assignment (executed two days previously) of an existing demand against one of their debtors. The first assignment is good in law unless impeached for fraud, in fact. The right of the general assignee to contest the *bona fides* of the first assignment.

Appeal from judgment entered upon a dismissal of the complaint.

The facts are substantially these: Neil McCallum & Co. had a claim against C. H. Cutler for $68.08, which they assigned to the plaintiff on June 14, 1879.

On June 16, 1879 (two days after the assignment of this particular claim to the plaintiff), McCallum & Co., the assignors, made a general assignment for the benefit of creditors to one Silver, who was subsequently

removed, and the defendant, Charles H. Truax, sub-stituted in his place.

It appears that the plaintiff had indorsed four notes for the accommodation of McCallum & Co., two of which he subsequently paid (one of $149, and the other of $176.28). Upon the conclusion of the plaintiff's evidence, the defendant's counsel moved to dismiss the complaint, upon the ground that there was no consideration paid by the plaintiff upon receiving the assignment, and that he was not therefore a holder for value.

Upon these grounds the trial judge dismissed the complaint, and the plaintiff appeals.

*P. & D. Mitchell*, for appellant.

*C. S. Truax*, for respondent.

McADAM, J.—I can discover no legal ground for holding the assignment to the plaintiff void *per se*. It was in writing, duly executed and delivered by the assignors to the plaintiff. It was given to him to secure liabilities which he had assumed for them, and which their subsequent failure, two days after-wards, proves they knew they would be unable to dis-charge.

The plaintiff in consequence was obliged to, and did before the trial, pay two of said obligations, amounting to more than the assigned claim. The assignment so made was certainly good against the debtor, who, find-ing the plaintiff and the general assignee of McCallum & Co. claiming the same fund, paid the amount of the assignee's demand into court, leaving the claimants to fight out the question as to which of them was entitled to the money. The only question to be determined is whether the assignment to the plaintiff is *per se* fraud-ulent against the defendant as general assignee for the

benefit.of creditors under an assignment subsequently made.

The defendant cites Rupp v. Blanchard (34 *Barb.* 627), but that case is unlike the present. It did not appear there that the owner had surrendered all control over the claim, but had merely agreed to assign it.

In the present case the owners parted with all control over the claim, by an assignment in writing, duly executed and delivered, so as to put the absolute title to the claim out of them and in the plaintiff. The defendant also cites Southard v. Benner (72 *N. Y.* 424).

This case simply holds that, under the act of 1858 (c. 314), an assignee for the benefit of creditors may disaffirm and treat as void all transactions in fraud of creditors, and may maintain all necessary actions for that purpose (3 *R. S.* 6 ed. p. 146). This statute gave the defendant the right to come in and question the *bona fides* of the transfer to the plaintiff; but it did not make such transfer fraudulent *per se.* The fraud which would have vitiated the assignment to the plaintiff cannot be legally inferred from any evidence adduced upon the trial. It is an element which must be determined from evidence warranting the charge.

The equities of the various creditors of a debtor are presumably equal, and courts of equity, as well as courts of law, recognize the right of a debtor to give a preference to one creditor over another.

These rules are elementary. A debtor may prefer his surety on an existing indebtedness, although not yet matured. Persons liable on existing or even future responsibilities for a failing debtor are as much entitled to be indemnified against the same and to be preferred as creditors in the strict sense (Cunningham v. Freebow, 11 *Wend.* 241 ; Reed v. Worthington, 9 *Bosw.* 617).

The transfer to the plaintiff not being void in law, must be avoided by fraud in fact.

What constitutes fraud in fact sufficient to warrant a court or jury in avoiding such a transfer is not necessary now for us to determine. There was no such proof offered before the trial judge, who treated the assignment as void *per se* against the general assignee.

This was error for which the judgment herein must be reversed and a new trial ordered, with costs to appellant to abide the event. The appeal in case No. 2 will follow the same result.

SHEA, Ch. J.—As the testimony stood when the case for the plaintiff was closed, a verdict might have properly been directed for the plaintiff, unless contradictory testimony on the part of the defendant was offered in support of the defense alleged. It was clearly an error to have directed a verdict dismissing the complaint. The assignment of the claim in action, which action was brought originally against one Cutler, and in which the defendant is substituted as defendant, is, as proved on the trial, valid ; and is valid even against judgment creditors of Neil McCallum & Co. The liabilities incurred by the plaintiff at the instance of that firm, upon the accommodation notes then running to maturity, constituted, as existing, a valid and valuable consideration for the assignment to the plaintiff by that firm.

The judgment must be reversed and a new trial ordered, with costs to the appellant.

NOTE.—No further appeal was taken.