ANTHONY *v.* WISE *et al.*

(*Supreme Court, General Term, First Department.* January 28, 1889.)

ESTOPPEL—TO DENY ASSIGNMENT—TESTIMONY IN ACTION BY ASSIGNEE.

 One who has testified in an action by his assignee that he had assigned the claim sued on to such assignee absolutely and in good faith, cannot question a sale of the judgment obtained by such assignee, on the ground that he still has an interest in the claim.

Appeal from special term, New York county.

Action by Peter C. Anthony against Leopold Wise and others, impleaded with John Gillen. Complaint dismissed, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

L. A. Gould, for appellant. John H. V. Arnold, for respondents.

BARTLETT, J. The plaintiff in this suit had a claim against the defendants Leopold Wise and Charles Wise. He assigned that claim to the defendant John Gillen, who brought a suit thereon in the city court of New York, and recovered judgment against Leopold Wise and Charles Wise for $526.25 damages and $129.41 costs, which judgment, on appeal to the general term, was affirmed, and an additional judgment was rendered for costs to the amount of $92.46. In that suit the defendants Leopold Wise and Charles Wise questioned the good faith of the assignment to Gillen. The plaintiff herein was a witness for Gillen in that case, and upon his cross-examination he was asked whether he did not assign the claim to Gillen to avoid giving security for costs. To this question he answered that he was a non-resident, but that he assigned the claim bona fide and absolutely. After the judgment was obtained by Gillen, and after its affirmance by the general term of the city court, Gillen sold the judgments for the sum. of $25, subject, however, to his attorney's lien for the costs, amounting to upwards of $200, to the defendant Marcus Wise, who purchased them in behalf of the other defendants, Leopold Wise and Charles Wise. The present action was brought to compel the defendant Marcus Wise to assign to the plaintiff the judgments so purchased by him upon repayment of the $25, which he paid therefor. The plaintiff alleges that Gillen, after the verdict was rendered in the city court, in consideration of a payment of $15, which the plaintiff then made to him, agreed that the judgment should thereafter be the sole and absolute property of the plaintiff, and that Gillen would assign the same in writing, either to the plaintiff or to such person as the plaintiff should appoint, whenever requested to do so. The judgment at special term was adverse to the plaintiff, and he now appeals. In the city court suit the present plaintiff took the position that Gillen was the absolute owner of the claim, and fortified that position by his positive oath. He must accept the consequences of the assertion which he then made. By his own testimony he is estopped from denying that the claim was the property of Gillen at the time of the trial in the city court. In the present case the main question was whether the judgments continued to belong to Gillen up to the time he sold them to the defendant Marcus Wise. The court below held that they did, and that Gillen was then the sole and absolute owner, with a good right and title to sell them, thus practically rejecting the allegation of the plaintiff that Gillen had reassigned to him the claim in suit after the verdict in the city court. This conclusion was reached upon conflicting evidence, and we cannot say that it was incorrect.

The weakness of the plaintiff's case is largely due to the fact that the proof which would otherwise tell most in his favor is at variance with his sworn declaration in the city court that the assignment to Gillen was absolute. Thus Gillen's testimony in the case at bar, while it goes to disprove the alleged reassignment after verdict, does tend to show that he prosecuted the claim simply for the present plaintiff's benefit. But, having emphatically asserted the absolute ownership of Gillen at that time, the plaintiff cannot avail himself now of the benefit of any evidence which indicates that the assertion he then made was false. He is not at liberty to assert Gillen's ownership in one court, where it will be beneficial to him, and deny it in another, where it will be productive of injury. We agree with the learned trial judge that the plaintiff has only himself to blame for the loss he has incurred. Under other circumstances, the sale of the judgments for so much less than the amount of the recovery might well give rise to doubt as to the

good faith of the purchaser; but a claimant who has invested another with the apparent sole title to his claim, and has sworn that such a title is real, cannot be permitted to question any settlement made by his assignee on the ground that he still retains a beneficial interest in the claim. The judgment should be affirmed, with costs. All concur in result.