(17 Misc. Rep. 134.)

RIKER v. CURTIS.

(Supreme Court, Appellate Term, First Department.   May 25, 1896.)

1. ASSIGNMENT—VALIDITY—RIGHT OF ASSIGNEE TO SUE.
   The right of the assignee of a claim to recover against the debtor is not
   affected by the insufficiency of the assignment, where the assignor testifies
   that he intended to assign the claim to the assignee, and that he did as-
   sign it.

2. SAME—BY PAROL.
   A chose in action may be assigned by parol as well as by writing, and,
   where there is no written assignment, it is a question of fact whether
   there was a transfer.

Appeal from city court of New York, general term.

Action by Fillmore Riker against James L. Curtis.   A judgment
in favor of plaintiff was affirmed by the city court (37 N. Y. Supp.
1023), and defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. A. S. Man, for appellant.

E. A. Turrell, for respondent.

McADAM, J.   The action is to recover the amount of two loans,
made to the defendant by Jacob F. Wyckoff,—one of $400, on July
31, 1886; the other of $570, on August 16, 1886.   The loans are ev-
idenced by two checks, drawn by Wyckoff to the defendant, and
by him indorsed, and, after payment by the bank, returned to
Wyckoff as vouchers.

It is conceded that the checks were not given on any debt owing
to the defendant, but in a transaction brought about by one Stil-
well, then the attorney for the defendant.   Stilwell wrote to Wyck-
off, July 29, 1886, stating that his client had executed a deed to
one Linus H. Bailey of certain real estate between Eighth and
Ninth avenues and Ninety-Eighth and Ninety-Ninth streets, this
city, on which there was $1,000 consideration unpaid, that the de-
fendant wanted a loan of $400, and that he would give an order
on Bailey for the money.   The $400 was thereupon loaned by the
first check.   On August 14, 1886, the defendant executed an as-
signment to Wyckoff of the $1,000 due to him on the Bailey sale,
and appointed him his attorney in fact to receive that amount from
the vendee.   Stilwell delivered this instrument to Wyckoff, and
received for his client the loan of $570 represented by the second
check; so that these two checks and the assignment represented,
so far as writings are concerned, the transaction between Wyckoff
and the defendant.   Bailey never materialized, was never seen by
any party to the transaction, and could not be found, though it
was at the time represented that he was expected from the country
in a few days.   He was undoubtedly a myth.   Hutchins, the at-
torney who was said to represent him, absconded, and Wyckoff had
no one to look to but the defendant.   Wyckoff asked the defend-
ant for a deed of the Ninety-Eighth street land, but he declined to
execute it, because his lawyer said he would be indicted if he did.
The defendant claimed that the transaction was a purchase of the

claim asserted against the undiscoverable Bailey; but the jury, upon evidence sustaining their conclusion, negatived this contention by finding that it was, as alleged by the plaintiff, a loan of money to the defendant, secured by the transfer of the supposed claim.

The next defense was the statute of limitations. The action was commenced by the personal service of the summons on the defendant September 28, 1892, about four months after the statute had apparently barred the action as to the first note. The plaintiff answered this defense—First, by evidence showing the payment of $10 on account at a time which would extend the statutory period beyond four months; and, next, by evidence of the domicile of the defendant in Connecticut, and by absences from this state, which saved the claims in suit from the operation of the statute invoked. The jury, upon evidence warranting their finding, found adversely to the defendant on all these matters; so that there was nothing left of this alleged defense. The evidence established that the defendant was born in Connecticut, so that that was his domicile by birth. He voted there in 1884, and was in that year the candidate for governor on the People's ticket. His family resided in Bridgeport from 1885 to 1889. He was a regular commuter on the railway to that place, and he testifies that he went back and forth to see his family "just as a man does having his home out of town and his office in town." Every person has a domicile; and, if the defendant was not an actual resident of Connecticut during those years, it is difficult, with legal accuracy, to locate his home at any other place. Without pursuing the inquiry further, and independent of the question of part payment, we fail to see how the statute of limitations can be held a bar to the action. Code, § 401; Bennett v. Cook, 43 N. Y. 537.

This brings us to the plaintiff's right to sue as assignee of the demands. The plaintiff alleges an assignment by Jacob F. Wyckoff to Emily F. Wyckoff, and then founds his title upon a transfer to him by her executor. The assignment to the plaintiff is conceded to be sufficient, but the one to the plaintiff's assignor is attacked. In respect to this, Jacob F. Wyckoff testified that he had assigned his claim to Emily F. Wyckoff. Whether, in fact, he transferred his title, depended largely on the question of intent. He testified that he so intended, and this estops him from claiming differently. Anthony v. Wise (Sup.) 4 N. Y. Supp. 129. One of the tests of the validity of a transfer is whether the defendant is sufficiently protected from a subsequent action by the alleged transferror. Hays v. Hathorn, 74 N. Y. 486. The defendant is in this instance so protected. The plaintiff upon the trial produced the checks and transfers. They were inferentially delivered to show that Jacob F. Wyckoff had surrendered all control over the evidences of the transactions, and made an absolute appropriation of them in aid of the oral transfer testified to by him. Rupp v. Blanchard, 34 Barb. 627. No formality is necessary to effect the transfer of a chose in action. Any transaction between the contracting parties which indicates their intention to pass the bene-

ficial interest in the right from one to the other is sufficient for that purpose. A debt or claim may be assigned by parol as well as by writing. Hooker v. Bank, 30 N. Y. 83; Fryer v. Rockefeller, 63 N. Y. 268; Risley v. Bank, 83 N. Y. 318; Greene v. Insurance Co., 84 N. Y., at pages 574, 575; Clegg v. Newspaper Union, 72 Hun, 395, 25 N. Y. Supp. 565; Hastings v. McKinley, 1 E. D. Smith, 273; Waldron v. Baker, 4 E. D. Smith, 440; Gould v. Ellery, 39 Barb. 163; Sexton v. Fleet, 2 Hilt. 477; and kindred cases. It will be presumed that the purchase was made upon a valuable consideration, paid at the time, when this is necessary. · Eno v. Crooke, 10 N. Y. 60. The books are full of cases upholding transfers, to effectuate the intention of the parties, whenever it could be done without contravening some statute or ground of public policy. Where there is no written transfer, the question whether there has been, in fact, such an appropriation as to effect a transfer, is one of fact for the jury; and they have found thereon in favor of the plaintiff, and the testimony, viewed in the light of surrounding circumstances, sufficiently sustains their findings.

The written assignment, referred to by Jacob F. Wyckoff in his testimony, is, in effect, a transfer to Emily F. Wyckoff of the collateral agreement given by the defendant, on which it was at the time erroneously supposed by them that $1,000 could be collected from Bailey. That was put in writing, probably, because the transfer from Bailey was in writing; and the fact that Jacob F. Wyckoff formally transferred this collateral agreement is another link in the chain of circumstances tending to show that he intended to transfer his entire interest in the transaction to Emily F. Wyckoff. The loan to the defendant was evidenced only by the two checks, and these Jacob F. Wyckoff in like manner delivered over to her; so that she was effectually substituted to all his rights, with just such documents as he had to represent the debt owing by the defendant.

The result reached in the court below accords with every notion of substantial justice, and, as the exceptions are without merit, the judgment must be affirmed, with costs. All concur.