## BERNSTEIN v. HORTH.

### (Supreme Court, Appellate Term. February, 1903.)

1. WAGER—STAKEHOLDER—LIABILITY—STATUTE—ASSIGNMENT OF CLAIMS.
  A claim under 1 Rev. St. (1st Ed.) p. 662, pt. 1, c. 20, tit. 8, § 8 (Birdseye's Rev. St. [3d Ed.] pp. 299, 300, § 5), providing for the recovery of wagers in the hands of a stakeholder, is assignable.

2. SAME.
  A parol assignment of a claim under 1 Rev. St. (1st Ed.) p. 662, pt. 1, c. 20, tit. 8, § 8 (Birdseye's Rev. St. [3d Ed.] pp. 299, 300, § 5), providing for the recovery of wagers in the hands of a stakeholder, is valid.

3. SAME—CAPACITY TO SUE—EVIDENCE—SUFFICIENCY.
  Plaintiff's capacity to sue and recover as assignee of a claim by a losing better against the stakeholder, under 1 Rev. St. (1st Ed.) p. 662, pt. 1, c. 20, tit. 8, § 8 (Birdseye's Rev. St. [3d Ed.] pp. 299, 300, § 5), is not established where the plaintiff did not testify, and the only evidence of his existence or of the assignment was the assignor's testimony that plaintiff "is a gentleman. He lives at 85 B. street. I don't know his business. He is not a relative of mine. I gave him no memorandum in writing when I assigned the claim to him."

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Bernstein against Charles L. Horth. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Joseph Steiner, for appellant.

Max D. Steuer, for respondent.

GILDERSLEEVE, J. The plaintiff brought this action as assignee of the claim of one Philip Stromberg. The facts of the case, as found by the justice upon sufficient proof, are as follows, viz.:

¶ 1. See Assignments, vol. 4, Cent. Dig. § 51.

Stromberg made a bet with one Morris Berman that Coler would be elected governor of this state, as the result of the election of 1902. The said Stromberg put up $100 on his bet that Coler would be elected, while said Berman put up $10 on his bet that Odell would be elected. The defendant was made stakeholder, and, as such, received the money so put up on said bet or wager. Odell was elected governor, so that Stromberg lost his bet. Consequently the money was paid over to Berman by the defendant, as such stakeholder. The plaintiff, as assignee of the claim of Stromberg, sues to recover the $100 so paid over by defendant to Berman. The justice gave judgment for the plaintiff for $117 damages and costs. Defendant appeals.

The statute (1 Rev. St. [1st Ed.] p. 662, pt. 1, c. 20, tit. 8, § 8) provides that:

"All wagers, bets or stakes, made to depend upon any * * * unknown or contingent event whatever, shall be unlawful. All contracts for or on account of any money or property or thing in action, so wagered, bet or staked, shall be void."

Section 5 provides that:

"Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over to such stakeholder or not, and whether any such wager be lost or not."

See 1 Birdseye's Rev. St. (3d Ed.) pp. 299, 300.

Under the provisions of the statute above quoted, the better, though a loser, can unquestionably compel the stakeholder to return the amount of the money so deposited with him, whether or not the stakeholder has paid it over to the winning better.

The defendant, however, urges that the plaintiff has not sufficiently shown the assignment of the claim of Stromberg to him; and, even so, that the claim is not assignable. The said Stromberg, after testifying to the making of the bet, and the depositing of the money with the defendant as stakeholder, and the subsequent demand on the defendant for a return of the money, and refusal on the part of defendant, was asked:

"Q. After you had asked Mr. Horth for the money, and he stated that he had turned it over to Berman, did you transfer your claim to anybody? A. I did. Q. To whom? A. Isaac Bernstein."

Bernstein was not called as a witness. The only evidence of the existence of Bernstein, and of his ownership of the claim, is the meager testimony of Stromberg. It is true that this sort of claim is assignable. See Meech v. Stoner, 19 N. Y. 26, 28; section 1910 of the Code of Civil Procedure. It is also true that a claim is assignable by parol as well as by writing. See Riker v. Curtis, 17 Misc. Rep. 134, 39 N. Y. Supp. 340. Likewise, Stromberg, by his own testimony, is estopped from denying that the claim became the property of Bernstein. See Anthony v. Wise (Sup.) 4 N. Y. Supp. 129. Nevertheless there is no proof that the claim was still the property of

Bernstein at the time of the trial of the action. For all that appears, he may have assigned the claim to some other person. The pleadings were oral, and Bernstein has given no intimation of his right to sue on this claim. On cross-examination, Stromberg was asked some questions concerning the identity of Bernstein. His testimony on this point, put into narrative form, is as follows, viz.:

"Mr. Bernstein is a gentleman. He lives at 85 Bayard street. I don't know his business. He is not a relative of mine. I gave him no memorandum in writing when I assigned the claim to him."

We are inclined to hold that the evidence of Stromberg as to the assignment of the claim to Bernstein, or that he still owns the claim, or did own it at the time of the commencement of the action, is insufficient to protect the rights of the defendant, or show capacity to sue on the part of Bernstein.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.