### MILLER v. LUDERS et al.

(Supreme Court, Appellate Term. November 6, 1903.)

**1. CONTRACTS—ASSIGNMENT—PROOF—SUFFICIENCY.**

In an action on a contract by an alleged assignee thereof, in which both plaintiff and his assignor testified, and the plaintiff offered in evidence a written assignment, there was sufficient proof of the assignment.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Clark A. Miller against Grace A. Luders and another. From a judgment for plaintiff, defendant Grace A. Luders appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Klein & Burkan, for appellant.

H. M. Stevenson, for respondent.

FREEDMAN, P. J. In this action the defendant Gustav Luders was not served, and did not appear.

Two causes of action were set up in the complaint. One was dismissed at the trial. The remaining one was based upon an alleged agreement made between plaintiff's assignor and the defendant Grace G. Luders, whereby she agreed to pay plaintiff's assignor $30 per month, and at the rate of $1 per day for any part of a month, for taking charge of premises occupied by the defendant at New Rochelle during the absence of the defendants therefrom. The agreement was evidenced by a letter written by Mrs. Luders to plaintiff's assignor.

It is claimed by the appellants that the case of Bernstein v. Horth (decided by this court at the last February term) 85 N. Y. Supp. 263, is similar to this case, in that the plaintiff in each case failed to show that he was the owner of the assigned claim at the commence-

ment of the action. In the action of Bernstein v. Horth, the assignment of the claim was evidenced by the mere oral statement of the assignor. The plaintiff, Bernstein, was not present nor sworn at the trial, and the evidence as to the assignment, if one was made, was characterized by the court as "meager"; and who Bernstein was, if such a person existed, was not clearly made to appear; nor was there the slightest testimony, or anything from which an inference could be drawn, that the plaintiff was the owner of the claim at the time of the trial. In the case at bar both the plaintiff and his assignor were sworn, and the plaintiff produced and offered in evidence a written assignment of the claim sued on.

The other points raised by the appellant are groundless, except that the plaintiff showed himself entitled to only the sum of $85; and the judgment herein is therefore modified by reducing the amount of the recovery to the sum of $85 and costs in the court below, and, as modified, affirmed, without costs to either party of this appeal. All concur.