(52 Misc. Rep. 451)

MARONEY v. COLE et al.

(City Court of New York, Trial Term.  January, 1907.)

1. CORPORATIONS—AUTHORITY OF TREASURER.

A treasurer of a corporation has no power to sell and assign accounts due the corporation unless special authority has been given.

·[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1636.]

2. SAME—ASSIGNMENT OF ACCOUNT.

Plaintiff sued on an instrument assigning "all our right, title, and interest in and to the annexed account," and signed A. company, by E. treasurer.  The ownership of the claim was put in issue, and there was no evidence that the instrument was authorized by the corporation or its directors or ratified.  *Held*, that the corporation was not bound thereby.

Verdict for plaintiff.  Motion to set aside verdict, and for a new trial, granted.

Epstein Bros., for plaintiff.

Malcolm Sandheimer, for defendants.

·' O'DWYER, C. J.  The defendants object that the paper offered in evidence over their exception and claimed to be an assignment of the claim of the Aster Company, a corporation, is not in due form, and that it is imperfect as an instrument of transfer; that there is no proof that the execution of the paper was authorized by the corporation or its board of directors.  The paper is undated and in form following:

"For value received we hereby sell, assign and transfer to Edward Maroney all our right, title and interest in and to the annexed account of Cole & Woop. Signed.  Aster Co., by A. Epstein, Treas."

The only evidence of delivery to the plaintiff is the fact that his counsel produced it upon the trial, and the amount or character of the consideration does not appear other than as stated in the paper itself.  The evidence, with respect to the execution of the paper, is furnished by the witness Frederick Komp, who testified:

"Q. You are the secretary of the Aster Company?  A. Yes, sir.  Q. Mr. Alfred Epstein is the treasurer of the company?  A. Yes, sir.  Q. I hand you a paper, and ask you is that Mr. Epstein's signature as the treasurer of this company?  A. Yes, that is his signature.  Q. Did you see him sign that paper?  A. I did.  Q. When was it you saw him sign it?  A. As far as I know, it was the last week in October, 1906."

Assuming, without so deciding, that Mr. Alfred Epstein was treasurer of the corporation at the time he signed the paper, it appears that the paper is not dated; no specific consideration is mentioned; the company's seal is not affixed; it is not attested by the secretary or by any other officer or person on behalf of the corporation; it is not acknowledged; there is nothing to show that A. Epstein was authorized to execute an assignment on behalf of the company, or that it was executed by virtue of such authority if any existed; there is no evidence of ratification by the corporation.  The plaintiff's ownership of the claim having been put in issue by the denials in the answer, it became necessary for the plaintiff to show, or to give evidence, which legitimately raised a presumption that the assignment was

the act of the corporation, and that he was the owner of the account. "Such ownership must be sufficient to protect the defendant upon a recovery against him from a subsequent action by the assignor." Hays v. Hathorn, 74 N. Y. 490. Would a payment to the plaintiff be a sufficient protection to the defendants against a suit by the alleged assignor or any other interested party upon the same cause of action? I apprehend not. Parties dealing with a corporation are bound to inform themselves of the authority in the officer or agent to bind it. Presumption of authority is indulged in with respect to contracts bearing the seal of the corporation and otherwise regular in form, and while it is not necessary for the corporation to affix its seal to its contracts, in the absence thereof, authority in the agent will not be presumed, and when questioned must be shown. Judge Andrews, in People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 525, 17 N. E. 411, said:

"The seal of a corporation was its signature. The fact that it was affixed to an instrument purporting to be the deed of a corporation was evidence that its custody had been committed to the persons signing it. It was regarded as a transaction of such solemn import that the corporation was deemed to be present at the doing of the very act which the seal authenticated. Now that it is no longer necessary for a corporation to contract under seal, it does not follow that the same presumption should attend an unsealed contract, purporting to have been made by the officers of a corporation. Such a presumption has never been indulged, so far as we have been able to find, to sustain an allegation that an unsealed contract, executed by officers of a corporation in its name, was a corporate obligation, unless authority was implied from the nature of the office, or from previous similar dealings recognized by the corporation, or a ratification was shown."

To same effect Quackenboss v. Globe & R. F. Ins. Co., 177 N. Y. 71, 69 N. E. 223:

"The authority to collect and pay debts of the corporation does not involve the power to sell and assign its securities. The fact that the treasurer had the custody of the seal lays no foundation for a presumption or inference that he had a right to use it so as to bind the corporation without the express direction of the trustees. He was a mere depositary." Jackson v. Campbell, 5 Wend. (N. Y.) 576.

Returning to the case of People's Bank v. St. Anthony's R. C. Church, supra, the learned judge said, at page 523 of 109 N. Y., at page 410 of 17 N. E.:

"In the cases referred to a corporate act was proved and a presumption was indulged in favor of its regularity. In the present case there is no proof of a corporate act, except by the declaration of the officers of the defendant on the face of the instruments, and there is no proof whatever that they were authorized either to make the notes or to make any representations binding upon the defendant. They assumed to act as agents, but the only proof of their agency to make the notes is their own declaration, and it is familiar doctrine that an agency can neither be created nor proved by the acts or declarations of the assumed agent alone. Marvin v. Wilber, 52 N. Y. 270. It is true that the persons who signed the notes were officers of the defendant, and that they constituted a majority of the trustees of the defendant. But proof that a promissory note, purporting to be made by a corporation, was signed by its president and secretary does not show that it is the note of the corporation, without proof that it was made by its authority."

103 N.Y.S.—36

In Backer v. United States Gas Fixture Co. (Sup.) 84 N. Y. Supp. 149, Appellate Term, 1903, it was held that a paper under seal of a corporation, and signed by its treasurer, purporting to agree on behalf of the company that, in case certain claims were collected it would pay a percentage thereof to the plaintiff, is not admissible against the corporation merely upon proof of such signature and seal without further proof of apparent or special authority to execute it. The court said:

"This paper was received in evidence upon proof of the signature and the authenticity of the seal. It should have been excluded upon defendants' objection and proper exception. Nothing was shown or offered to prove that the signer had special or apparent authority to so act, and as his office was not for the conducting and management of the corporate business, the paper signed, sealed and delivered by him did not afford even the presumptive obligation on the part of the defendant."

In Bernstein v. Horth (Sup.)· 85 N. Y. Supp. 263, an Appellate Term decision, the assignee was not called as a witness, although the assignor, an individual, testified as to the assignment. The court said:

"The assignor, by his testimony, is estopped from denying that the claim became the property of Bernstein. Nevertheless, there is no proof that the claim was still the property of Bernstein at the time of the trial of the action. For all that appears he may have assigned the claim to some other person. * * * We are inclined to hold that the evidence of Stronberg (the assignor) as to the assignment of the claim to Bernstein, or that he still owns the claim or did own it at the time of the commencement of the action, is insufficient to protect the rights of the defendant or show the capacity to sue on the part of Bernstein." Miller v. Luders (Sup.) 85 N. Y. Supp. 265.

Motion to set aside verdict, and for a new trial, granted. Settle order hereon on one day's notice.