(56 Misc. Rep. 454.)

### MORONEY v. COLE et al.

(Supreme Court, Appellate Term. November 29, 1907.)

APPEAL—RECORD—COLLOQUY BETWEEN COURT AND COUNSEL.

.The ownership of plaintiff, suing on a claim alleged to have been assigned to him by a corporation, was denied. Defendants objected to the assignment offered as not properly proved and insufficient, and the court excluded it. Plaintiff's counsel then called the court's attention to the fact that according to a case cited defendant could not question the validity of the assignment and that the assignment was executed by a corporate officer in its name, to which the court replied that there must be authority for it and that there was no evidence of any corporate act. Thereupon plaintiff offered a resolution authorizing the assignment, to which defendants' counsel objected, and on its admission defendants' counsel stated that, the assignment having been excluded as a separate exhibit, it had been by plaintiff's counsel annexed to the resolution, that the annexation was without authority, and that they were separate instruments. *Held*, that though, ordinarily, a colloquy between court and counsel had no place in the record on appeal, yet that defendants were entitled to have all of such colloquy appear, in order that there might be such a statement of the proceedings as would enable them to secure a proper review of what actually took place.

Appeal from City Court of New York, Special Term. .

Action by Edward Moroney against George W. Cole and another. Judgment for plaintiff. From an order denying defendants' motion to resettle the case and restore certain portions stricken out (103 N. Y. Supp. 560), defendants appeal. Order reversed, and motion granted.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Malcolm Sundheimer, for appellants.

Epstein Brothers (William C. Rosenberg, of counsel), for respondent.

LEVENTRITT, J. The plaintiff sued on a claim alleged to have been assigned to him by the Astor Company. His ownership of the claim was put in issue. Upon the trial the plaintiff offered in evidence the assignment, after its identification by the secretary of the . Astor Company. The record discloses the following colloquy between court and counsel:

"Plaintiff's Counsel: We offer the paper in evidence.

"Defendants' Counsel: Objected to as incompetent, irrelevant, and immaterial; that the paper is not properly proved, and is not a sufficient assignment. There is no evidence whatsoever that it is a proper assignment.

"The Court: Paper excluded.

"Plaintiff's Counsel: I desire to call your honor's attention to that fact that the defendants' counsel in this case cannot question that assignment. It is not within his province to do so. According to the case of Sheridan against the Mayor, the defendant cannot question the validity of the assignment if the assignment is sufficient. Here is an assignment executed by an officer of the corporation in the name of the corporation assigning the account. An assignment of account does not need to be in writing.

"The Court: There must be authority for it. There is no evidence of any corporate act, or anything of that kind, before me."

Thereupon the plaintiff offered in evidence a resolution purporting to authorize the execution of the assignment. The defendant objected, on the ground that the resolution was incompetent, irrelevant, and immaterial, and the record continues as follows:

"Defendants' Counsel: * * * Here is a paper which is separate, and comes into court separate and distinct, which your honor has admitted over my objection. That is Exhibit B, and when you say you would not take the assignment as a separate exhibit they immediately annex it to the other paper. Mr. Epstein is a lawyer, and I do not see what authority he has to do this, and I object to the admission of the paper on the ground that they are separate and distinct instruments.

"The Court: Not necessarily.

"Defendants' Counsel: And I further object to the alleged assignment on the ground that it is insufficient and improper in form."

To the proposed case on appeal from a judgment in favor of the plaintiff respondent, the defendant appellants proposed amendments which called for the striking out from the case of the portions of the record which we have quoted. These amendments were allowed by the trial judge, the portions referred to were stricken out, and the defendants' motion to resettle the case and restore them was denied. The order entered on that denial gave rise to this appeal.

We think the portions of the record omitted should be included in the case on appeal. The assignment to the plaintiff bears no date, and the resolution, dated December 28, 1906, purports to ratify an assignment of November 1, 1906. If, as we infer from the record, these instruments were not attached until after the offer of the assignment had been rejected, and they were then attached in the manner suggested, the appellant is entitled to have these circumstances appear in the record. We are not concerned with the effect these circumstances have on the questions which may be presented on the appeal. But we are concerned with the right of the appellant to have such a statement of the proceedings on the trial, such a reproduction of the occurrences incidental thereto, as will enable him to secure a proper reconsideration of what actually took place. An appellate court must necessarily be governed by the record on appeal, irrespective of the incidents of the trial. It is, therefore, the duty of the trial court to see to it that the case presented for review contains substantially all that transpired, to the end that the ultimate rights of both parties may be intelligently considered and effectually conserved. While ordinarily colloquy between court and counsel has no place in the record on appeal, we do not think that the order in this case was proper, since its effect would be to deprive the defendants of their right to have what may prove to be a most material circumstance reviewed.

The order must be reversed, with $10 costs, and the motion granted. All concur.