## PHAIR v. LEVI.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

WORK AND LABOR—SUFFICIENCY OF EVIDENCE.

The evidence as to payment to plaintiff, and as to the amount of work performed by plaintiff, under a contract for excavating and clearing ground, considered, and *held* to justify the findings of the referee.

Appeal from judgment on report of referee.

Action by John T. Phair against Louis Levi. From a judgment entered on the report of a referee in favor of plaintiff, defendant appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Spencer & Banker, for appellant.

Clark L. Jordan and N. H. Anibal, for respondent.

MERWIN, J. On the 8th May, 1894, the defendant and one Frank Phair entered into a written agreement by which Phair agreed to construct upon premises of defendant a race track and ball ground, according to certain specifications. The work was entered upon, and, as the referee finds, was substantially completed on or about August 1, 1894, and thereafter accepted by the defendant. The plaintiff is the assignee of Frank Phair. The questions upon this appeal relate to two items of compensation, as allowed by the referee:

1. In the specifications, one of the items of work to be done was clearing off brush, bushes, and rubbish from 2¼ acres. In the contract it was provided that $25 per acre should be paid for cutting down stumps and rubbish. The referee finds that the brush, stumps, and rubbish were cleared off from 2½ acres, and he allowed therefor at the contract price, $62.50. The defendant claims that there is no evidence to sustain this allowance. There seems to have been no dispute at the trial about this part of the work. The acceptance of the grounds would indicate that the preliminary work of clearing off had been done to the satisfaction of defendant. The number of acres was fixed by the specifications. In the exception as taken by defendant to the allowance of this item, it is stated that the referee ought to have found that the defendant had paid for it. There was, however, no evidence of such payment. In the complaint it was admitted that there had been paid on the contract the sum of $2,667.36. This was allowed to the defendant, and there was no proof of any further payment. It is not apparent that the referee erred in regard to this item.

2. The defendant claims that the referee erred in computing the

number of cubic yards of earth excavated by the contractor. The compensation under the contract was 18 cents per cubic yard. The referee allowed for 18,662.1 yards; being, as the defendant claims, 1,494 yards too much. The argument is that the item of 1,494 yards for surplus dirt taken from a portion of the race track to the ball ground was properly allowable, but that in the computation as taken by the referee it was allowed twice. In the estimate of quantity, the amount in a waste bank, so called, was an element. That the referee found to be 365 yards. Taking this from his finding of the total, there remained 18,297.1 yards for the race track and ball ground. There were two witnesses who made estimates. One was Mr. Brown, the engineer in charge, and the other Mr. Yost. The estimate of the latter, excluding the waste bank, was 17,932 yards. There is evidence that is undisputed that the estimate of Mr. Yost was not upon an entirely accurate basis, and that by reason thereof his estimate of the amount was increased. So that the evidence of Mr. Yost would not authorize the finding of the referee as to the amount in the race track and ball ground. Mr. Brown, the other witness as to quantity, and who, as the supervising engineer, had full means of making an accurate estimate, and whose evidence the referee, according to his opinion, intended to follow, testifies that the amount in the race track was 10,846.8 cubic yards, and in the ball ground 5,956.3, making a total of 16,803.1, which is 1,494 yards less than the amount found by the referee. It appears that when the ball ground was nearly completed there was found to be a surplus of dirt on the race track, and in regard to this a supplemental contract was made on the 27th June, 1894, under which the contractor was to be allowed for moving this at the same rate as the other. Of this surplus dirt, 1,494 yards went onto the ball ground, and the balance to the waste bank. It is suggested that the estimate of Mr. Brown of 5,956.3 yards in the ball ground was of the amount before the addition of the 1,494 yards from the surplus dirt, and that, therefore, the latter item should be added in order to obtain the correct amount as finally in the ball ground. The manner in which the amount of 5,956 is arrived at appears clearly from defendant's Exhibit 6, in relation to which Brown testified, and which, as it may be inferred, he made. It there appears that the item of 1,494 yards for surplus dirt is a part of the amount of 5,956.3, and there is nothing in the case that seems to contradict it. It is quite clear that Brown's estimate of 5,956.3 yards includes all on the ball ground; and, if so, there is an excess of 1,494 yards in the amount allowed by the referee, which at the contract price amounts to $268.92. All concur.

Judgment modified by deducting from the judgment the sum of $268.92, with interest from October 17, 1894, and as modified affirmed, without costs of appeal to either party.