(32 Misc. Rep. 366.)

### PEOPLE v. BENISON.

(Court of General Sessions, New York County. August, 1900.)

1. CRIMINAL LAW — APPEALS FROM MAGISTRATE'S COURT — PRESERVATION OF EVIDENCE AT TRIAL.
    Under Code Cr. Proc. § 750, providing that an appeal may be allowed from an erroneous decision or determination of law or fact on a trial in a magistrate's court, there is an implied requirement that the testimony on the trial should be preserved, and returned to the appellate court, since otherwise there could be no review of a determination of fact.

2. SAME—REQUEST FOR PRESERVATION—NECESSITY.
    The fact that no request was made at the trial that the magistrate should preserve the evidence will not excuse the magistrate's failure to preserve the testimony, since defendant is entitled to presume that the court will do its duty without request.

3. SAME—BOND TO COMPLY WITH JUDGMENT—QUESTIONS RAISED ON APPEAL.
    Where defendant was convicted by a magistrate of being a disorderly person, and ordered to pay three dollars a week for support of his wife,

*from which conviction he appeals, but gives bond to comply with the judgment, the only question presented on appeal is the propriety of the amount of the weekly payment ordered.*

Appeal from city magistrate's court, Fifth district, First division.

Moses Benison was convicted in a magistrate's court of being a disorderly person, and he appeals. Affirmed.

Rudolph Marks, for appellant.

John Whalen, Corp. Counsel (Adrian T. Kiernan, of counsel), for the People.

FOSTER, J. This is an appeal from a judgment of conviction rendered by the city magistrate's court, Fifth district, First division, adjudging the appellant a disorderly person, and ordering him to pay three dollars each week for the support of his wife. There are a number of interesting questions raised on this appeal. It seems to me that People v. Giles, 152 N. Y. 136, 46 N. E. 326, plainly requires that, in a case where a magistrate is to hear and determine, the testimony should be preserved, and that it is reversible error not to preserve it. An appeal may be had for an erroneous decision or determination of law or facts upon the trial (Code Cr. Proc. § 750); but how can such appeal be properly heard or considered if the testimony upon which the judgment is founded is not preserved, and returned to the appellate court? True, the magistrate certified "that no application was made to me by any party on the trial herein for the preservation of the evidence given in this proceeding," but that does not excuse the failure to preserve the testimony. The defendant may well assume that the court will do its duty, and preserve the testimony, without any specific request to do so. For this reason, and without considering the other interesting questions raised on the appeal, I should be constrained to reverse the judgment, and order a new trial, but for the fact that the defendant has given a bond to comply with the terms of conviction. The learned counsel for the people contends (citing People v. Moffett, 19 App. Div. 631, 45 N. Y. Supp. 1146) that, when a bond to comply is given, nothing but that part of the order fixing the amount of the weekly payment can be appealed from; and I understand this to be the law and practice of this court. As the questions involved are interesting, and of frequent recurrence, an appeal ought to be taken herein, so that there may be an authoritative expression of opinion by the appellate division on these questions. An appeal appears not to lie to the people from a reversal of the judgment. Code Cr. Proc. § 770. For these reasons I am constrained to affirm the judgment.

Judgment affirmed.