(38 Misc. Rep. 283.)

PEOPLE v. NASH.

(Court of General Sessions, New York County.   June, 1902.)

1. CRIMINAL LAW—APPEAL—PRESERVATION OF EVIDENCE.
    A judgment of a city magistrate finding defendant guilty of disorderly
    conduct will be reversed on appeal where the evidence taken on the trial
    is not preserved.

Appeal from city magistrate's court.

John S. Nash was convicted of disorderly conduct, and appeals.
Reversed.

Benjamin Patterson, for appellant.
William Travers Jerome, Dist. Atty., for the People.

FOSTER, J.   This is an appeal from a judgment of the city magistrate's court adjudging the defendant guilty of disorderly conduct. On this appeal questions inter alia are raised as to the rulings of the court below on the admissibility of evidence, and as to the sufficiency of the evidence to justify the conviction of the defendant.   No evidence has been returned to this court, and it appears from the statement of counsel that through the oversight of the court below no evidence was preserved.   Certainly no evidence is contained in the return of the court below.   The court of appeals in People v. Giles, 152 N. Y. 136, 46 N. E. 326, the appellate division in People v. Hines, 57 App. Div. 419, 68 N. Y. Supp. 276, and this court in People v. Benison, 32 Misc. Rep. 366, 66 N. Y. Supp. 734, and in many other cases, have pointed out in no doubtful terms the propriety, as well as the necessity, of preserving the evidence whenever a case is heard and determined, and declare the failure to so preserve the testimony reversible error. Why this plain and manifestly proper requirement of the law is so frequently disregarded is past finding out.   It entails much unnecessary hardship and expense both to the people and to the unfortunate defendant, and merits condemnation.   The judgment must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered.