(117 App. Div. 825)

METZ v. HARBOR & SUBURBAN BUILDING & SAVINGS ASS'N.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

PRINCIPAL AND AGENT—PAYMENTS TO AGENT—EFFECT.

Where a contract for the sale of land was executed in duplicate, and provided that $50 should be paid on delivery of the contract and a certain sum each month, and also provided that agents were not permitted to collect installments, and the vendor's agent who had the contracts to deliver did so and collected the $50, but retained the duplicate signed by the purchaser and thereafter collected installments, and the purchaser did not know the agent had retained the duplicate, in a suit by the purchaser for specific performance it was proper to allow plaintiff only the $50 paid on delivery of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 540.]

Appeal from Special Term, Kings County.

Suit by Charles Metz against the Harbor & Suburban Building & Savings Association. Plaintiff appeals from a judgment granting insufficient relief. Affirmed.

Suit for specific performance of a contract to convey real property.

The contract price was $1,300 and the contract provided that payment should be made "fifty dollars upon execution and delivery of this contract, and fifteen dollars on account of the contract each and every month from the date thereof."

After the signatures came a page for the entry of the installments as paid. It was headed as follows: "Payments on Account of Written Contract. Agents not permitted to collect installments."

After execution by the company the contract was delivered to the agent who made the sale for delivery to the purchaser. He delivered it and at the same time collected the $50. He received back the duplicate of the contract signed by the purchaser and kept it. Thereafter he collected 28 monthly installments and entered their receipt by him on the contract page of the purchaser's duplicate. It does not appear that the purchaser knew the agent kept the other duplicate instead of turning it in to the defendant.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

C. E. Sutherland, for appellant.
Alexander S. Bacon, for respondent.

GAYNOR, J. The learned trial court in decreeing specific performance only allowed the plaintiff on account of the purchase price the $50 paid on delivery of the contract, and this is why the plaintiff appeals. The judgment is correct, for the contract when delivered gave

notice to the plaintiff that the agent had no authority to collect the monthly installments. The defendant never waived this. Instead of returning to the defendant the duplicate of the contract signed by the purchaser, the agent kept it without authority and collected and embezzled 28 installments in addition to the $50 paid on delivery. Besides, there was no evidence of knowledge in the purchaser that the agent had possession of the defendant's duplicate when he collected the installments. Crane v. Gruenewald, 120 N. Y. 274, 24 N. E. 456, 17 Am. St. Rep. 643.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.