## COUNTY COURT—KINGS COUNTY,

### March, 1911.

## THE PEOPLE v. WALTER K. THOMAS.

(71 Misc. 365.)

(1.) PROCEDURE—SUMMARY TRIALS OR OTHER THAN ON INDICTMENT AS AT
COMMON LAW—REVIEW—PROCEDURE TO OBTAIN REVIEW.

Since the enactment of the Inferior Criminal Courts Act (L. 1910,
ch. 659) a city magistrate of the city of New York, in rendering
judgment against a defendant convicted of disorderly conduct, acts
not as a court but as a magistrate; and, under section 755 of the
Code of Criminal Procedure, the affidavit and allowance of an appeal
from the conviction must be personally delivered to the magistrate
who tried the case.

MOTION to dismiss an appeal.

*John F. Clarke,* district attorney (*Peter P. Smith,* assistant
district attorney, of counsel), for motion.

*Purdy, Squire & Rowe* (*Allen C. Rowe,* of counsel), opposed.

FAWCETT, J.:

The defendant was tried and convicted of disorderly conduct
before a city magistrate, sitting in the City Magistrate's Court
of the city of New York, Second Division, Third District, on
August 11, 1910, and fined ten dollars. On October 6, 1910, an
appeal was duly allowed to the County Court by a justice of the
Supreme Court. Defendant filed the affidavit and allowance of
appeal with the clerk of the said third district court. The clerk
has made a return.

The district attorney moves to dismiss on the ground that the
affidavit and allowance should have been delivered to the magis-
trate who presided at the trial and the return should have been

made by the magistrate, as prescribed in section 756, Code of
Criminal Procedure.

The question at issue depends entirely on whether the magis-
trate presiding tried the issue as a magistrate or as a court.

Justices of the peace, beside their civil jurisdiction, have long
acted as magistrates in issuing warrants for crimes, in conduct-
ing examinations and in trying those lesser charges which do
not amount to misdemeanors, and as courts of special sessions
in trying specified misdemeanors. In many cities and villages
of the State police courts were subsequently established, the
magistrates having all the power of the justices of the peace,
except jurisdiction in civil matters. The recent decision in the
case of People v. Gillette, 200 N. Y. 275, 25 N. Y. Crim. 45,
involves a court of that nature.

Police courts are courts of special sessions within the mean-
ing of the Code of Criminal Procedure. Code Crim. Pro., § 74.

Police magistrates or justices of the peace, in hearing and
determining charges of misdemeanors over which they have
jurisdiction, acts as courts of special sessions. In trying those
lesser things not amounting to crimes they act as magistrates.
People v. O'Neil, 117 App. Div. 825.

In appealing from judgments of such justices of the peace
or police magistrates involving crimes, the affidavit and allow-
ance of appeal should be delivered to the clerk of the court, if
there is one. Code Crim. Pro., § 755. In appealing from the
judgment of conviction rendered by one of the same judicial
officers, involving those lesser things which are not crimes, but
only conditions, the affidavit and allowance must be served on
the magistrate rendering the decision.

Prior to the enactment of section 7, chapter 659, Laws of
1910, known as the Inferior Criminal Courts Act of the City of
New York, the city magistrates of the city of New York could
not act as courts of special sessions having jurisdiction over
misdemeanors in any case. People v. Patterson, 38 Misc. Rep.

81, 16 N. Y. Crim. Rep. 508; People v. O'Neil, *supra.* In appeals from judgments rendered by them as such magistrates, the affidavit and allowance had to be delivered to the magistrate personally in order to strictly conform to the provisions of section 755, Code of Criminal Procedure. And the return had to be made by the magistrate as provided by section 756 of the Code.

Section 72, chapter 659, of the Laws of 1910, makes the city magistrates' courts police courts within the provisions of the Code, preserves to the city magistrates the power formerly possessed by them and confers the jurisdiction of a court of special sessions in cases of a plea of guilty to violating the Vehicle Law, first offense, and in cases of violation of the law for the prevention of cruelty to animals. The present city magistrates, in rendering judgment in cases of violation of the Vehicle Law, first offense, and in cases of violation of the law for the prevention of cruelty to animals, act as a court; and in case of appeal the affidavit and allowance would be properly delivered to the clerk of the court.

But in rendering judgment in such matters as disorderly conduct, they act as magistrates; and the affidavit and allowance must be delivered to the magistrate personally, in order to strictly comply with section 755 of the Code of Criminal Procedure. The magistrate must personally make the return in compliance with section 756; and, in case the magistrate neglects or refuses to make such return, it may be compelled under section 757 of the Code. A further or amended return may be compelled under section 758 of the Code.

It is not necessary to decide whether or not a return by the clerk, where the judgment has been rendered by the magistrate acting as a court, would be sufficient on appeal. There are no provisions for the settling by the magistrate of the case on appeal, and it would be dangerous to hear appeals on records not settled or directly made by the magistrate presiding at the trial.

The defendant having in good faith attempted to perfect his appeal, he will be permitted to deliver the affidavit and allowance to the magistrate within five days, and secure a proper return by the magistrate within the time prescribed by the Code. Upon his failure so to do, the motion will be granted. Submit order.

Ordered accordingly.