### PEOPLE v. WALSH (two cases).

### SAME v. NEWELL et al. (two cases).

(Supreme Court, Appellate Division, Fourth Department. March 22, 1916.)

1. CRIMINAL LAW ☞1134(10)—APPEAL—QUESTIONS REVIEWABLE.

An order refusing to set aside an indictment may be reviewed on appeal from the judgment of conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2591; Dec. Dig. ☞1134(10).]

2. CRIMINAL LAW ☞1004—APPEAL—RIGHT TO APPEAL.

The right of appeal is statutory, and only such appeals may be taken as the statute permits, and the right may be taken away entirely without infringing any constitutional right.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ☞1004.]

3. CRIMINAL LAW ☞1023(3)—APPEAL—RIGHT TO APPEAL.

Where indictments were dismissed, but the court ordered the cases investigated by succeeding grand juries, defendants cannot appeal from such

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

order on the ground that the court was without jurisdiction, as the matter might be reviewed on appeal from a subsequent conviction under an indictment so returned.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2585, 2590, 2592; Dec. Dig. ☞1023(3).]

Appeal from Criminal Term, Erie County.

James W. Walsh and Fred Newell and others were separately indicted. From judgments dismissing the indictments, and directing cases to be investigated by the next grand jury (92 Misc. Rep. 573, 156 N. Y. Supp. 366), defendants appeal. Appeals dismissed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Thomas L. Newton, of Buffalo, for appellants.
Wesley C. Dudley, of Buffalo, for the People.

KRUSE, P. J. The question of the propriety of the dismissal of the indictments is not before us, and we therefore refrain from expressing any opinion thereon. What the defendants complain of is the direction contained in the order of dismissal that the matters be submitted to a new grand jury.

Chapter 7 of the Code of Criminal Procedure provides for the dismissal of a criminal action for want of prosecution upon the application of the defendant. Section 668. It also provides that the court may, either of its own motion or upon the application of the district attorney, order an action after indictment to be dismissed (section 671), and that an order for the dismissal of the action as is provided in that chapter is a bar to another prosecution for the same offense, if it be a misdemeanor (section 673). It is also provided in another section (not contained in chapter 7) that an indictment may be set aside upon certain grounds therein named, and none others (section 313).

The defendants urge that the dismissal was on the court's own motion, and that, the offense charged being a misdemeanor, the order of dismissal constitutes a bar to another prosecution of the offense charged in the indictment so dismissed. The district attorney contends that the dismissal was not upon any ground covered by chapter 7, or by section 313, or any other provision of the Criminal Code, and was not in fact upon the court's own motion; that the dismissal was upon the broad ground that the defendants' constitutional rights had been invaded by the way in which the indictment was brought about; that the power of the court to dismiss the indictment upon that ground is not conferred by any statute (People v. Glen, 173 N. Y. 395, 66 N. E. 112); and therefore not within the provisions of section 673 of the Criminal Code. If the indictment was in fact dismissed upon the court's own motion, and if every such dismissal is covered by section 673, irrespective of the grounds of the dismissal, clearly another action for the same offense is barred.

[1-3] We have, however, reached the conclusion that this appeal is premature and unauthorized, and that the motion of the district attorney to dismiss the appeal should be granted. It is to be ob-

served that the original indictment has been dismissed. No criminal action is now pending. While the provision for resubmitting the matter to another grand jury is contained in the order dismissing the indictment, it really has no connection with that action. It does not initiate a new action, although, if the defendants' contention is correct, the dismissal may bar another prosecution.

Should another action be commenced, the effect of such dismissal may be raised and determined upon the trial, and perhaps upon a motion to set aside the indictment, if another indictment is found. It has been held that an order refusing to set aside an indictment may be reviewed upon appeal from the judgment of conviction. People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732. The right of appeal is statutory; only such appeals may be taken as the statute permits. This right may be taken away entirely. It is not a constitutional right guaranteed by the Constitution. People ex rel. Trezza v. Brush, 128 N. Y. 529, 28 N. E. 533; People v. Priori, 163 N. Y. 99, 57 N. E. 85; Leake v. Hartman, 137 App. Div. 451, 121 N. Y. Supp. 771, affirmed 202 N. Y. 605, 96 N. E. 1119; Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793, appeal dismissed in Court of Appeals, 193 N. Y. 659, 87 N. E. 1123; People v. Hyde, 146 App. Div. 633, 131 N. Y. Supp. 567. The views of the judges as to the right of a defendant in a criminal action to prosecute an independent appeal from a preliminary or intermediate order have not always been in entire accord, as will be seen by reading the opinions in the cases above cited, and others therein referred to. Such appeals have been entertained where no other remedy for reviewing the order seemed available (People v. Butts, 121 App. Div. 226, 105 N. Y. Supp. 677; People v. Sarvis, 69 App. Div. 604, 74 N. Y. Supp. 1067; People v. Jackson, 114 App. Div. 697, 100 N. Y. Supp. 126); but this appeal is not within that class, since ample provision is made for reviewing the question upon an appeal from the judgment should the defendants be hereafter convicted.

The appeals should be dismissed. All concur.