THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
EZRA JACKSON, Appellant.

Second Department, March 12, 1920.

Appeal — judgment of Court of Special Sessions overruling demurrer
to information — sufficiency of information must be tested on
appeal from final judgment — " determination " defined.

No appeal lies from an interlocutory judgment of the Court of Special Sessions
of the City of New York overruling a demurrer to an information for a
violation of the Sanitary Code of the health department of the city of
New York.

The question as to sufficiency of the information may be raised only upon an
appeal from a final judgment.

" Determination " defined.

APPEAL by the defendant, Ezra Jackson, from a judgment
of the Court of Special Sessions of the City of New York,
rendered on the 15th day of October, 1919, overruling his
demurrer to the information charging him with the violation of
the Sanitary Code of the board of health of the department of
health of the city of New York, and especially of section 163
thereof.   (See Code of Ordinances of City of New York,
chap. 20, art. 9, § 163.)

*Joseph B. Handy,* for the appellant.

*Henry J. Shields* [*William P. Burr, Corporation Counsel,
John F. O'Brien* and *William J. Leonard* with him on the brief],
for the respondent.

JENKS, P. J.:

The district attorney of Richmond county filed an infor-
mation against the defendant in the Court of Special Sessions
of the City of New York for a violation of the Sanitary Code
of the board of health of the department of health of the city
of New York, and especially of section 163 thereof.   The
defendant demurred and demanded a dismissal.   The demur-
rer was overruled.   The defendant appeals from the judgment
overruling the demurrer.

I am of the opinion that the appeal does not lie.   The
Inferior Criminal Courts Act of the City of New York pro-

viding for appeals from the Court of Special Sessions of the City of New York reads: " If any judgment or determination . made by the Court of Special Sessions shall be adverse to the defendant he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner; and if the judgment of the Supreme Court upon such an appeal shall be adverse to the defendant, he may appeal therefrom to the Court of Appeals as prescribed in the Code of Criminal Procedure.  In case of any such appeal to the Supreme Court, or to the Court of Appeals, the procedure in, and the jurisdiction of, the said courts, respectively, shall be the same as from a judgment of conviction after indictment." (Laws of 1910, chap. 659, § 40.)  The scheme of the statute that regulates appeals in cases prosecuted by indictment does not afford an appeal from intermediate orders, but from the final judgment only. (Code Crim. Proc. § 517; *People ex rel. Stabile* v. *Warden of City Prison,* 139 App. Div. 497; affd., 202 N. Y. 138.)

But the argument of the learned counsel for the appellant is that inasmuch as this section 40 permits an appeal from " any judgment *or determination* " this appeal is well taken. The word " determination " does not require such conclusion. It implies an ending or finality — the ending of a controversy or a suit (New English Dict.), and it is used frequently as equipollent with judgment or decree. (1 Bouvier L. Dict. [Rawle's Rev.] 858.)  And such, I think, is its meaning in this statute.  See the use of the word in section 31 of the same statute, in the declaration that the court shall have in the first instance exclusive jurisdiction " to hear and *determine* all charges of misdemeanor * * *.  The court shall, however, be divested of jurisdiction to proceed with the hearing and *determination* of any charge of misdemeanor," etc. The phrase is " judgment or determination," and the doctrine of *noscitur a sociis* applies.  There is no sound reason why such practice should be permitted by the construction of the word " determination " contended for.  The sufficiency of an indictment may be raised upon the appeal from the final judgment. (*People* v. *Wilson,* 151 N. Y. 403; *People ex rel. Hummel* v. *Trial Term,* 184 id. 30.)  As the information is

like unto an indictment (*People ex rel. N. Y. Disposal Corp.
v. Freschi*, 173 App. Div. 189, 191), so may its sufficiency
be raised likewise. (See *People* v. *Walsh*, 172 App. Div. 266;
*Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 282.)

The appeal should be dismissed.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Appeal dismissed.