THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLYDE CLAUDE CONKLIN, Appellant.— This is an appeal from an order of the County Court of St. Lawrence County, denying a motion to dismiss an indictment against defendant, which charged him with the crime of abandonment in violation of section 480 of the Penal Law. Before the trial of the indictment defendant was found to be insane and committed to Matteawan State Hospital for the Criminal Insane. The motion was made by one Cora Besaw, defendant's mother, and solely upon her affidavit. The grounds of the motion are that prior to the indictment the defendant and his wife were legally separated by judgment, and that custody of their infant children was given to the wife. The minutes of the testimony given before the grand jury were not obtained and offered in support of the motion. Without passing upon the correctness of the legal proposition urged, i. e., that the crime of abandonment cannot be committed where there is not actual physical custody of the children involved, we decline in any event to consider its application herein in the absence of testimony taken before the grand jury. Morever,

we suggest that there may be some question of the right of the defendant's mother to attack the indictment, and that an orderly course of procedure would be for her to apply to the proper court for appointment as his committee for the purpose of moving to inspect the grand jury minutes, and then to make such motion as she may be advised. The indictment may not be attacked for lack of evidence to support it by habeas corpus. (*People ex rel. Burke* v. *McLaughlin*, 77 Misc. 13; affd., 152 App. Div. 912; affd., 207 N. Y. 769; *People* v. *Dimick*, 107 id. 13.) It may also be said that ordinarily appeals will not lie from intermediate orders in a criminal case (Code Crim. Proc. § 517), but such appeals have been entertained where no other remedy to review an order was available. (*People* v. *Walsh*, 172 App. Div. 266.) We are not required, therefore, to dismiss the appeal because, in view of the circumstances disclosed, if an inspection of the grand jury minutes fails to reveal evidence sufficient to sustain the indictment, and the court below refuses to dismiss the indictment, the defendant has no way to review such refusal except by way of appeal. Order affirmed, without prejudice and without costs. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Bliss, J., dissents and votes to dismiss the appeal on the ground that the appellant is not a proper party and on the further ground that this being an intermediate order in a criminal action an appeal will not lie.