Paul J. Widlitz, J.
The defendant, charged with two mis-
demeanor violations of the Vehicle and Traffic Law, appeals from an order of the Nassau County District Court, sitting as a Court of Special Sessions, which denied his application for youthful offender treatment (Code Crim. Pro., § 913-g). When the application was made to the District Court, the Presiding *41 Judge ordered that an investigation be made for the purpose of determining the defendant’s eligibility for youthful offender treatment. No examination or investigation was conducted, although ordered, and the court subsequently denied the defendant’s application. An immediate appeal has been taken to this court, and the sole question presented at this time is whether an immediate right of appeal lies from the refusal by a Court of Special Sessions to grant youthful offender treatment before there has been a judgment of conviction.
The right to an appeal is unknown in common law. It is a creature of statute and does not exist without statutory authority therefor (People v. Gersewitz, 294 N. Y. 163). The sole statutory provisions which may be deemed applicable to the within appeal are contained in sections 749 and 913-r of the Code of Criminal Procedure and in section 251 of the Nassau County District Court Act (L. 1939, ch. 274, as amd.).
Section 913-r of the Code of Criminal Procedure provides that a defendant adjudged a youthful offender shall be entitled to an appeal in accordance with the provisions of the code. Section 749 of the Code of Criminal Procedure entitled “ Review on appeal from minor courts ” states, in part: “In counties other than the counties included within the city of New York, a judgment upon conviction, rendered by a court of special sessions * * * in any criminal action or proceedings or special proceeding of a criminal nature * * * may be reviewed by the county court of the county, upon an appeal as prescribed by this title”. (Emphasis supplied.) These two sections clearly indicate that the right to appeal, as contained therein, arises only after there has been an adjudication of guilt.
The defendant relies on section 251 of the Nassau County District Court Act, however, as authority for his appeal at this time. That section reads, in part: ‘‘ If any judgment or determination made by a court of special sessions or a magistrate shall adverse to the defendant, he may appeal therefrom to the county court of the county in the same manner as from a judgment in an action prosecuted by indictment * * *. In case of any such appeal, the procedure in, and the jurisdiction of, the said courts respectively shall be the same as from a judgment of conviction, in, the courts of special sessions outside of the counties in New York City ”. (Emphasis supplied.) The defendant contends that the youthful offender proceeding is a specific and independent proceeding which is terminated by the court’s order denying youthful offender treatment. He further argues that that order is such a “determination *42 * * * adverse to the defendant, ’ ’ as is contemplated by section 251.
This contention is challenged by the existence of section 913-r of the code, which specifically provides for the right of appeal in youthful offender proceedings. The section is silent as to intermediate orders in youthful offender proceedings, and if the Legislature had intended to grant such right, it would properly have been included within section 913-r or some other section of title VII-B entitled ‘ ‘ Proceedings Respecting Youthful Offenders.” Further, the problem of construing the word 11 determination ” as used in a similar criminal statute (L. 1910, ch. 659, § 40) was faced by the Appellate Division, Second Department, in People v. Jackson (191 App. Div. 269, 270); and, in deciding that a defendant had no immediate right of appeal from the disallowance of a demurrer to an information, the court held that the word determination “ implies an ending or finality — the ending of a controversy or a suit (New English Diet.), and it is used frequently as equipollent with judgment or decree. (1 Bouvier L. Diet. [Rawle’s Rev.] 858.) ” This court believes that the reasoning in the Jackson case applies to the instant situation and that the order appealed from herein is not such a “ determination ” as to authorize an appeal at this time.
Should there be a subsequent conviction, any intermediate order arising from the proceedings in the trial court may be reviewed upon appeal from the final judgment (Code Crim. Pro., § 517). The defendant has not yet been “ convicted ” or “ adjudged a youthful offender ” and the order of the District Court denying youthful offender treatment is not reviewable at this stage of the proceedings. Accordingly, this appeal is dismissed, without prejudice.
Submit order.