Frank J. Kronenberg, J.
Defendant was convicted by a Justice of the Peace of the Town of Lockport of speeding and he appeals.
Defendant presents affidavits as to what went on at his trial (no stenographer was present) and affidavits contradictory of the defendant’s are made by the Justice of the Peace and the State trooper who was the complainant. The Justice’s- affidavit constitutes the return.
*768 One point of difference is whether the Justice informed the defendant of the provisions of section 335-a of the Code of Criminal Procedure. However, the court is not concerned with this dispute because the summons which is annexed to the return contained instructions pursuant to the third paragraph of said section.
The affidavits presented on behalf of defendant alleged that the prosecution presented no sworn testimony. This is specifically contradicted by the affidavits of the Justice and the trooper. Under these circumstances, this court must accept the return as conclusive. (People v. Prior, 4 N Y 2d 70.)
Defendant further contends that the trooper based his estimate of defendant’s speed only on the reading of an unchecked speedometer. As to this matter the affidavits of the Justice and the trooper are indefinite.
The court will hold the disposition of this appeal in order to give the defendant an opportunity to move under section 758 of the Code of Criminal Procedure for a further or amended return covering the manner in which the trooper arrived at his estimate. (People v. Lanni, 10 Misc 2d 42.)
Defendant will please forthwith advise the court as to whether such motion will be made.