Benjamin Gassman, P. J.
The defendant appeals from an order made by a City Magistrate denying his motion to dismiss the complaint. The record shows that the defendant was served with a summons on December 27, 1958, returnable on January 8, 1958. He appeared before the court by his attorney on January 8, 1959, and the attorney stated that he appeared specially for the purpose of moving to dismiss the summons on the ground that it was returnable 11 months before the alleged offense *411 occurred. The Magistrate at first granted the motion, but later rescinded the order and denied the motion.
Appellant contends that having dismissed the complaint, the Magistrate had no right to reconsider his decision and to change it. It is his contention that the defendant is subjected to double jeopardy. It may be noted in passing that the case is still pending untried in the Magistrates’ Court, no further proceedings having been had after the denial of the motion.
The right to appeal was unknown in common law. It is a creature of the statute and is governed by the statute. (People v. Gersewitz, 294 N. Y. 163, 168.)
Section 41 of the New York City Criminal Courts Act provides: “ An appeal to the court of special sessions of the city of New York may be taken as a matter of right by the defendant from a judgment upon conviction, rendered by a city magistrate, in any criminal action or proceeding or special proceeding of a criminal nature. For the purpose of an appeal, a conviction shall be deemed a final judgment, although sentence may have been suspended or otherwise stayed.”
The order appealed from is neither a judgment upon conviction nor a final judgment. The word final ■“ implies an ending or finality — the ending of a controversy or a suit (New English Dict.), and it is used frequently as equipollent with judgment or decree. (1 Bouvier L. Dict. [Rawle’s Rev.] 858.) ” (People v. Jackson, 191 App. Div. 269, 270.) The defendant has not yet been “ convicted ” nor has a “judgment upon conviction ” been rendered against him. Should there be a subsequent conviction, any intermediate order arising from the proceedings in the trial court may be reviewed on appeal from the final judgment. (Code Crim. Pro., § 517.) The order appealed from is not reviewable at this stage of the proceedings. (People v. Zivin, 17 Misc 2d 40; People v. Tribote, 7 A D 2d 648; People v. Rohrlich, 7 A D 2d 733; People v. De Lamela, 7 A D 2d 747.)
Accordingly, this appeal should be dismissed.
Loscaezo and Sabafite, JJ., concur.
Appeal dismissed.