Edmund A. McCarthy, J.
This is a motion for an order pursuant to section 758 of the Code of Criminal Procedure for a proper return on appeal.
It would appear that on July 30, 1959 the defendant was convicted of the charge of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law in the Court of Special Sessions held in the Town of Schuyler, County of Herkimer, and State of New York. In the affidavit of errors tiled by the defendant, among various other things alleged, the deponent asserted that * ‘ he was deprived of a fair trial. ’ ’ In response to this affidavit of errors and notice of appeal, the Justice presiding over the Court of Special Sessions made and filed his return as required by law.
The defendant, feeling that a proper return had not been filed herein, has made this application to the court.
Under section 756 of the Code of Criminal Procedure, the Justice rendering a judgment is required to make a return to all matters stated in the affidavit of errors.
It has been uniformly held that, on appeals from convictions in Courts of Special Sessions, the statute restricts the *884 review of the appellate court to those questions which are raised by the affidavit of errors filed at the time of the appeal. (People v. Prior, 4 N Y 2d 70; People v. Giles, 152 N. Y. 136; People v. Scherno, 140 App. Div. 95.)
An appeal is deemed to have been taken upon the filing of this affidavit of errors with notice of appeal. (Code C’rim. Pro., § 751.)
There can be no question but that the affidavit of errors is essential. This question was settled by the Court of Appeals in People v. Omans (306 N. Y. 375).
While the affidavit of errors in this particular case does not allege that the judgment was “ against the weight of evidence ” still, under the eleventh paragraph of the affidavit of errors, the weight of evidence is raised in the statement “whereas, in actual fact the People’s case was not proven,” and ‘1 your deponent was deprived of a fair trial.” These statements would seem to be sufficient to warrant a filing of a complete record of the trial. (People v. Wallens, 297 N. Y. 57, 60.)
The sixth paragraph of the affidavit of errors used on this motion indicates that ‘ ‘ the Magistrate did write a few of the defendant’s motions down.” And if so, any and all records made by the Magistrate in conducting this Court of Special Sessions in this case should be made a part of the appeal so that the full record may be before the appellate court.
On appeals from Courts of Special Sessions the appellate court must be guided by the record and consequently, the record should be as complete as possible. (People v. Saddlemire, 180 N. Y. S. 257.)
On an appeal from the Court of Special Sessions to the County Court the appellate court is interested in only two questions: “Was the trial fairly conducted with respect to the defendant’s rights? Is there sufficient evidence in the record to sustain the judgment of conviction? ”
If the appeal is based on the contention that the judgment is against the weight of evidence or that the facts stated in the information or proved on the trial do not constitute a crime, the Trial Justice should return all of the papers in this proceeding, commencing with the information, the depositions, the warrant, the minutes of the testimony, a copy of the docket entries with the instructions given the defendant, the written decision of the court, if one is made, or the finding of the judgment which should be a part of the docket entries, together with a certificate of conviction and the sentence imposed. This return should be complete and unequivocal because it contains the whole foundation of the case to be reviewed by the appellate *885 court. If the return is not complete, application for a proper or amended return can be made to the court as was done in this case. (Code Grim. Pro., § 758.)
It would be well also for the Justice to include in his return the exact instructions given the defendant as to his constitutional rights because the bare statement that the defendant was advised of “ his constitutional rights” is conclusory and inadequate for the purpose.
If a jury is used in the Court of Special Sessions, the return should also contain the charge of the Justice and his instructions to the jury as to the law of the case.
A Justice is not required to make a return as to matters not contained in the affidavit of errors. (People v. McGann, 43 Hun 55.)
If the affidavit of errors contends that the evidence does not warrant the conviction, the return must contain all of the evidence on the point in question. (People v. Halwig, 41 Misc. 227.)
Section 750 of the Code of Criminal Procedure impliedly required that the evidence taken at the trial be reduced to writing, preserved and returned to the appellate court since otherwise there can be no review of a determination of fact. (People v. Benison, 32 Misc. 366.)
It is, therefore, the duty of a Justice to keep or have kept under his direction minutes of the testimony taken on the trial of cases to the end that his determination as to the facts may be reviewed on appeal, especially if the affidavit of errors alleges mistakes with reference to a determination of the facts. (People v. Schenkel, 256 N. Y. 539.)
There are some cases which have held that a return under section 756 of the Code of Criminal Procedure must be personally made by the Justice. (People v. Thomas, 71 Misc. 365.)
However, a substantial compliance with this section will arise where the return apparently was made at the direction of the Trial Justice and subscribed bv him. (People v. Lipsitz, 198 N. Y. S. 85.)
The right to appeal was unknown in the common law and is a creature of statutes and governed strictly by them, and appellate jurisdiction can never be assumed unless a statute can be found which expressly sanctions its exercise. (People v. Gersewitz, 294 N. Y. 163; People v. Rubinstein, 20 Misc 2d 410; People v. Zerillo, 200 N. Y. 443.)
For the guidance of everyone concerned in appeals in criminal cases, it may be said that the Justice, in making his return on the matters set out in the affidavit of errors, should attempt to *886 return all of the papers in the action before the Justice as described herein, together with the affidavit setting forth the alleged errors.
This return should be filed with the County Clerk within 10 days after the appeal has been perfected, which is done by filing with the Magistrate the affidavit of errors referred to within 30 days after the judgment has been pronounced. (Code Crim. Pro., § 751.)
The responsibility placed upon the Justice to see that the proceedings in his court are properly transcribed puts a severe penalty upon a Justice because, on a trial where the parties are represented by counsel, to rule on technical objections, make sure that no improper evidence is presented to the jury, swear the jury, swear the witnesses, and keep a full record of evidence is an intellectual man-size job and requires that the Justice should at all times direct all of the proceedings in his court and never let these proceedings get out of hand.
If a question is asked and objections presented, the Justice' should immediately stop all proceedings and record in the minutes of the testimony the full purport of the question and also record the objection as made and then record his ruling. This interruption may prolong the trial but it also preserves the record and no one can complain.
At the beginning of the trial the Justice should attempt to secure a stipulation from the attorneys that the testimony may be recorded in narrative form, and if this stipulation is refused, then proper stenographic services should be obtained, either at the expense of the town or the county or the Justice himself to relieve him of the laborious work of recording the testimony.
The direct testimony is usually most important and a record of this should be made in detail. If any marked difference is developed on cross-examination, it should be noted. Generally, the only result of cross-examination is to test the truthfulness and recollection of the witness.
Counsel should never be permitted to argue with each other or exchange repartee.
Their address is to the court itself and, when the court has made a ruling upon any objection, there should be no further argument. The rights of the party so. objecting are amply protected by the notation in the record of an “ exception” to the ruling of the court.
This court believes that in the conduct of eases in Courts of Special Sessions much time can be saved by the proper conduct of the proceedings, and by avoiding needless remarks, observations or accusations and the custom of commencing a trial on *887 one evening and ending it sometime the next morning when everyone is tired, bored and exhausted should be discouraged and discontinued.
There is no valid reason why the work of the Courts of Special Sessions should not be conducted during the usual working hours of the day.
Justices of the Peace are human beings who are entitled to their own home life, recreation and social relaxation and it would add a great deal to the prestige and the dignity of the Courts of Special Sessions if regular hours for the transaction of business were fixed by the Justice during the working day. Full realization of the alleged “ convenience of the veniremen ” is recognized, but they, too, are human beings, some of whom have labored throughout the day in their particular profession and business, and they, too, are entitled to their hours of recreation without unreasonable demands upon their time, which they are not called upon to give in courts other than Courts of Special Sessions up-State.
The manner in which the Justice conducts his Court of Special Sessions is of paramount importance, particularly in these days when the finger of criticism is pointed at him with all of the alleged charges of inadequacy.
This outline of procedure may not be directly attributable to the case on review but it is hoped by this court that some constructive suggestion may be contained herein that will be helpful to the People, the defendants, and the Justices in the future.
In these modern days of automation and mechanical devices, it might be helpful to the Justice if he could persuade his Town Board to authorize the cost of the recording machine for the purpose of taking minutes of testimony when the services of a professional stenographer are not available. (7 Ops. St. Comp., 1951, p. 163.)
Upon the statements herein before referred to in the affidavit of errors of the defendant that ‘1 he was deprived of a fair trial,” the defendant is entitled to have all of the records that were made on the trial in the Court of Special Sessions included in the return on his appeal. Consequently, if any additional minutes were made by the Justice in the trial of this case which are not included in the return on file, they should be provided. For that purpose an amended return is directed in this matter. Prepare order accordingly.