John H. Galloway, Jr., J.
Defendant was convicted of reckless driving (Vehicle and Traffic Law, § 1190) on August 15, 1961 in the Court of Special Sessions, Town of Mt. Pleasant (Hon. Santo J. Ohessabi, J. P.) sitting without a jury. He was fined $25, which he paid, and his chauffeur’s license was revoked. He has taken an appeal to this court from the judgment of conviction, setting forth seven assignments of error in support thereof.
The learned Justice below has filed his return, consisting of the information, the minutes of defendant’s arraignment, the Justice’s own minutes of the testimony on the trial, and a copy of the certificate of conviction therein.
Defendant now moves, prior to prosecuting his appeal, for an order of this court:
(1) Reversing and vacating so much of the sentence as revoked defendant’s chauffeur’s license, and directing the reinstatement thereof;
(2) Directing the Justice below to file an amended return correcting the defective return heretofore filed in the respects alleged in his moving affidavits; and
(3) Directing the Justice below to serve upon defendant’s attorney and the District Attorney a true copy of the return heretofore filed herein and of the amended return to be filed pursuant to the order entered on this motion.
We consider each of the prayers for relief in the order stated:
1. To vacate the sentence to the extent that it revoked defendant’s chauffeur’s license: defendant was convicted of reckless driving in violation of section 1190 of the Vehicle and Traffic Law: Pursuant to subdivision 1 of section 510 of the Vehicle and Traffic Law, the Justice of the Peace was without jurisdiction to either revoke or suspend defendant’s license following said conviction. He may do so only in those instances where such revocation or suspension is mandatory, as provided in subdivision 2 of section 510, as the result of conviction of certain crimes and offenses therein specified, among which a con *120 viction for reckless driving is not one of those enumerated therein. Thus, assuming arguendo the validity of the conviction below, the learned Justice of the Peace lacked jurisdiction to revoke the license. To that extent the sentence was illegal.
The District Attorney agrees, but asserts that the relief here sought is premature, since this proceeding is not a hearing of the appeal, whereon, under section 543 of the Code of Criminal Procedure, the appellate court may, in cases where an erroneous judgment has been entered upon a lawful verdict or finding of fact, correct the judgment to conform with such verdict or finding.
In our opinion section 543 is not determinative in this instance. On the other hand, we believe that section 764-a of the code is here applicable. That section provides: “ A court of special sessions may correct an illegal sentence at any time, and shall continue for such purpose. If the issue of the legality of a sentence imposed by a court of special sessions is properly raised in any proceeding other than upon appeal, the court wherein such issue is raised may remand the case for further proceedings to correct the sentence.”
The issue of legality of the sentence below to the extent here discussed is deemed properly raised in this proceeding. Accordingly, the case will be and is hereby remanded to the learned Justice below for further proceedings to correct the sentence by striking therefrom the revocation of defendant’s license and directing the reinstatement thereof forthwith.
2. To direct the Justice below to file an amended return correcting the return heretofore filed, which defendant claims is defective — that is, that it is incomplete, deficient and faulty, in substance, in that the return sets forth as testimony of the witnesses not only that which the witnesses did not utter, but also the exact opposite of their testimony.
The record of the testimony taken a the trial below is not in the form of a transcript of a court stenographer’s minutes, but consists of the learned Trial Justice’s bench notes containing his digest of such testimony and of the trial proceedings.
Defendant submits an affidavit in which he sets forth in detail numerous portions of the Justice’s “ minutes ” as to which he demonstrates the respects in which such portions or excerpts contain not only that which the witnesses did not utter, but also the exact opposite of their respective testimony, as well as omissions of still other testmony material to the issue oA. trial. Upon examination of the challenged portions or excerpts of and omissions from the Justice’s minutes of the testimony, we are of the opinion that the challenged defects go to the very proof *121 of the charge of reckless driving, and that accordingly defendant’s grounds of challenge to the Justice’s return are not frivolous and may be found substantial on further inquiry by the court below.
The Code of Criminal Procedure, in sections 740 to 760 inclusive, provides the exclusive method of reviewing a judgment of conviction rendered by a Court of Special Sessions in counties outside the City of New York, by the County Court. Under section 756, the Magistrate or court rendering the judgment, ‘ ‘ must make a return to all the matters stated in the affidavit ’ ’ (of errors). The County Court may compel the making of such return (§ 757); and, pursuant to section 758, “ If the return be defective, a further or amended return may be ordered ’ ’. (Emphasis added.)
In our opinion, section 758 is intended to supply procedurally in these criminal appeals what sections 575 and 576 of the Civil Practice Act and rule 230 of the Rules of Civil Practice supply in the case of civil appeals, with respect to the making and settlement of a case and bill of exceptions or a record on appeal, the proposal of amendments to such case or bill, and the settlement thereof by the Judge before whom the action was tried. We think the “ civil appeals ” analogy is appropriately extended to a statement of the rule of procedure that, since the appellate court must necessarily be governed by the record on appeal, it is and should be the duty of the trial court to see to it that the case presented for review contains substantially all that transpired at the trial, to the end that the ultimate rights of both parties may be intelligently considered and effectually conserved. (Cf. Moroney v. Cole, 56 Misc. 454; 8 Carmody-Wait, New York Practice, p. 699, § 248.)
We believe the term “ defective ” as used with respect to the return in section 758 of the Code, refers not only to procedure, but also to substance — that is to say, that the word “ defective ” includes the connotations “incomplete, deficient, faulty, incorrect”— in terms of the defects here challenged in the return.
We are cognizant of the many decisions holding that, upon an appeal to the County Court from a judgment of a Court of Special Sessions, in the absence of a prior motion by defendant to correct alleged defects therein, the return of a Magistrate, or Police Justice, or Justice of the Peace is conclusive as to all controverted matters within the Magistrate’s knowledge, not only on the County Court, but on the defendant and People as well. (Cf. People v. Mason, 307 N. Y. 570, 574; People v. Prior, 4 N Y 2d 70, 73; People v. Klein, 7 N Y 2d 264, 268.)
*122 But we are here concerned, not with a review on appeal, but with a motion to amend the Justice’s return, that is, the “ case” or “ record ” on appeal, that it may correctly and with substantial fullness contain all that transpired at the trial, particularly the testimony of the witnesses called thereon.
In People v. Smith (16 Misc 2d 767 [Niagara County Ct., 1959]) which was an appeal from a speeding conviction by a Justice of the Peace, after trial without a jury (no stenographer present), defendant presented affidavits as to what went on at his trial. He contended that the complaint, a State trooper, based his estimate of speed only on the reading of an unchecked speedometer. As to this matter the affidavits of the Justice and trooper were indefinite. The County Court held the disposition of the appeal to give defendant an opportunity to move under section 751 of the Code of Criminal Procedure for a further or amended return covering the manner in which the trooper arrived at his estimate.
As was said in People v. Calusha (22 Misc 2d 882), section 750 of the code impliedly requires that the evidence taken at the trial be reduced to writing, preserved and returned to the appellate court, since otherwise there can be no review of a determination of fact. It is, therefore, the duty of the Justice to keep or have kept under his direction minutes of the testimony taken on the trial of cases to the end that his determination as to the facts may be reviewed on appeal; especially where, as here, the affidavit of errors alleges mistakes with reference to a determination of the facts. (People v. Schankel, 256 N. Y. 539.) Consequently, the return here should be complete and unequivocal, because it contains the whole foundation of. the case to be reviewed by this court.
We conclude that defendant has by affidavit properly pointed out the alleged defects, omissions, and misstatements in the learned Justice’s return. Due regard should be given by him to each specific defect or omission. United Hosp. v. Chambers (42 N. Y. S. 2d 43, 44 [Westchester County Ct., Coyne, J. 1943].)
Accordingly, the learned Justice below is directed to file a further or amended return giving due regard to each specific defect, omission and misstatement complained of in the moving affidavits, to the end that the original return may be corrected, in accordance with the Justice’s recollection of what transpired at the trial in the light of the alleged speeifi¿ defects, bearing in mind that the amended return shall be fully responsive to the affidavit of errors on the appeal. (United Hosp. v. Chambers, supra, p. 45.) The amended return will be filed and served *123 within 20 days after service of the order hereon with notice of entry.
3. Defendant’s final prayer for relief is that the Justice below be required to serve upon counsel for the defendant and the District Attorney respectively a copy of the original return and of the amended return to be filed pursuant to the order herein. Section 756 of the Code of Criminal Procedure, as amended by chapter 386 of the Laws of 1961, effective September 1, 196Í, requires that this be done. The affidavit of appeal was filed with the Justice below on August 29,1961. The Justice’s return was dated October 9, 1961 and filed with the County Clerk on October 10, 1961. Accordingly, the Justice below was subject to the amended statute, and he is directed to comply with section 756, as amended, but only with respect to the amended return as herein directed to be filed, and to those such portions of the original return exclusive of the return of the testimony which obviously is now in defendant’s attorney’s possession.